WIGGINTON, Judge.
Appellant seeks review of three separate post-judgment orders by which the trial court purported to mitigate the sentences theretofore imposed upon each of the defendants in this case. It is appellant’s position that the trial court’s action was without authority of law and should therefore be reversed.
Appellees were informed against by an information charging them with larceny of two calves. Each defendant, represented by counsel of his own choice, pleaded guilty to the charge against him. After a pre-sentence investigation each appellee was adjudged guilty and sentenced to imprisonment in the state prison for a term of two years. The trial court then stayed execution of the sentences so imposed on appel-lees pending a further consideration of whether the sentences should be mitigated.
At a subsequent hearing, the court entered separate orders by which he set aside the sentences of two years imprisonment theretofore imposed on appellees Hannah and Harrell and sentenced each of them to imprisonment in the county jail for one year. The judgment of conviction and sentence of two years imprisonment there *759 tofore imposed on appellee Dull was set aside, and in lieu thereof the court withheld adjudication of guilt and placed this defendant on probation for a period of three years. It is the orders mitigating the sentence of each appellee which appellant contends to have been erroneously rendered and for which reversal is sought.
The crucial question posed for our consideration is whether a trial court possesses the power to impose a sentence on one convicted of crime for a term less than the minimum prescribed by law. Each ap-pellee was charged under that provision of our state statute which ordains that whoever commits larceny by stealing any cow, heifer, or calf, the property of another, shall be punished by imprisonment in the state prison for not less than two years nor more than five years.[1] Appellees Hannah and Harrell were each adjudged guilty of having violated the foregoing statute by stealing two calves which were the property of another. The trial court sentenced each of these defendants to imprisonment in the state prison for a term of two years, the minimum sentence which could be imposed under the statute. It was upon a reconsideration of this sentence that the court attempted to mitigate it by entering the order appealed which reduced the sentence to one of imprisonment in the county jail for a period of only one year.
The most perfect example of a “red cow case” which our research has ever disclosed is the decision rendered by the Supreme Court of Florida shortly after the turn of the century in the case of Jones v. State.[2] In that case Jones was convicted of stealing a cow with a red head. The statute which he was charged with violating provided that any person convicted thereunder should be imprisoned for a period not less than the minimum time specified therein. Following Jones’ conviction he was sentenced to a term of imprisonment less than the minimum provided by the statute. In setting aside the sentence and remanding the case for rendition of a proper sentence, the Supreme Court said:
“Our attention is directed both by the plaintiff in error and the state to the fact that the sentence imposed by the court upon the verdict was below the minimum fixed by the statute. We are therefore constrained to reverse the cause, in order only that a proper sentence be imposed. * * * ”
In the case of Dean v. State [3] the defendant, better known as “Big Wheel”, was convicted of murder in the second degree and sentenced to a term of ten years imprisonment in the state penitentiary. The statute proscribing the offense of second degree murder provides that one convicted thereof should be punished by imprisonment in the state prison for life or for any number of years not less than twenty. Since the sentence imposed upon “Big Wheel” was less than the minimum term provided by statute, the sentence in that case was reversed and the cause remanded for rendition of a proper sentence.
The foregoing principles appear to represent the majority view followed by the courts in this country.[4]
Appellees Hannah and Harrell contend that the one-year jail sentences imposed upon them should be affirmed for a variety of reasons. They first say that since the trial court had authority under F.S. Section 948.01, F.S.A., to have withheld an adjudication of guilt and placed each of them on probation under the supervision and control of the Parole Commission, the State should not be heard to complain because the sentence imposed was more harsh than it would have been had they been placed on probation. Such argument *760 ignores the fact that the trial court in this case did not elect to withhold an adjudication of guilt against each of these appellees, nor did it exercise its discretion to place them on probation. The court’s failure to adopt one alternative open to it with regard to the disposition of the charges against these appellees does not vest it with the right to impose a sentence contrary to that provided by law. As held by the Second District Court of Appeal in Alspaugh v. State:
“ * * * [I]t is not within the historical province of the judiciary to create the terms of criminal sentences and * * the trial court may impose any sentence within the limits validly prescribed by the legislature without offending organic law * * * ” [5]
Secondly, appellees argue that under F.S. Section 921.18, F.S.A., the trial court could have imposed on each of the appellees Hannah and Harrell an indeterminate sentence of imprisonment for a period of six months to a maximum period of imprisonment fixed by the court. Appellees therefore reason that this statute has the effect of repealing the statute under which they were charged and convicted insofar as the minimum sentence requirement is concerned, and their sentence under the post-judgment order here reviewed should be treated in the nature of an indeterminate sentence as permitted by the statute last cited.[6] Had the trial court elected to exercise the option open to it of imposing an indeterminate sentence on these appellants as permitted by the statute on which reliance is placed, the sentence could have been for a period of six months to a maximum of two years imprisonment. The fact is, however, that the trial court did not elect to exercise this option but sentenced appellants under the third option open to it and within the penal provisions of the statute for the violation of which they stand convicted. Having elected to impose sentence on appellants in accordance with the latter option, the court was bound to impose a sentence of not less than the minimum term prescribed by the statute of two years imprisonment.
With regard to appellee Dull, the trial court set aside its former adjudication of guilt against this defendant and placed him on probation under supervision of the Parole Commission for a period of three years. This order was entered within the time prescribed by F.S. Section 948.01, F.S.A., and falls clearly within the authority of the trial judge in the exercise of his discretion to dispose of a case against a person convicted of a crime as in his discretion the ends of justice may require. The only objection to the trial court’s action which has been registered by appellant is that the post-judgment order complained about is not as specific as appellant considers it should have been. It is our view that appellant’s fears are not well-founded and cannot be sustained.
The post-judgment orders against appel-lees Hannah and Harrell mitigating their sentences to a term of one year imprisonment in the county jail are reversed and the cause remanded to the trial court for the imposition of proper sentences consistent with the views expressed herein. The post-judgment order against appellee Dull setting aside the judgment of conviction and *761 sentence rendered against him and placing him on probation is affirmed.
Reversed in part, affirmed in part.
CARROLL, DONALD K., Acting C. J., and SPECTOR, J., concur.

. F.S. § 811.11, F.S.A.

. Jones v. State, 64 Fla. 92, 59 So. 892.

. Dean v. State, (Fla.1955) 83 So.2d 777.

.9 Fla.Jur. 267, Criminal Law, § 236. 21 Am.Jur.2d 517, Criminal Law, § 535.

. Alspaugh v. State, (Fla.App.1961) 133 So.2d 587, 588, 589.

. F.S. § 921.18, F.S.A.
“Whenever any person is convicted of a non-capital felony and the court determines that the defendant should not be placed on probation and should not be fined as the sole punishment, but should be sentenced to a term of confinement, the court within its discretion, in imposing sentence, may sentence such person to the custody of the division for an indeterminate period of six (6) months to a maximum period of imprisonment, which maximum sentence may be less than the maximum authorized by law for the felony of which such person was adjudged guilty but shall not be less than the minimum, if any, prescribed by law for such felony. * * *»