**James SCHULER, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 83–33.**

Supreme Court of Wyoming.

Sept. 9, 1983.

Rehearing Denied Oct. 11, 1983.

Leonard Munker, Sylvia L. Hackl, State Public Defenders, Cheyenne, Gerald M. Gallivan, Director, Wyoming Defender Aid Program, J. Scott Burnworth, Student Intern, Wyoming Defender Aid Program, Laramie, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., Terry J. Harris, Asst. Atty. Gen., Cheyenne, for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

ROSE, Justice.

James Schuler appeals from a four- to eight-year burglary sentence which was enhanced to a life sentence under the habitual-criminal statute, § 6–1–110, W.S.1977.[1]

We will affirm.

Schuler and two other persons were apprehended in the Mountain Bell building in Casper and were thereafter charged with burglary. One defendant pled guilty, while Schuler and the other defendant went to trial together. The jury found Schuler guilty of burglary and his co-defendant guilty of criminal trespass. Following the burglary trial, Schuler was found to be an habitual criminal, as defined by § 6–1–110, supra. The trial judge sentenced Schuler to four to eight years in the state penitentiary for burglary and then enhanced this sentence to life imprisonment under the habitual-criminal statute. The issues raised by

---

1. Section 6–1–110, W.S.1977 (now §§ 6–10–201 and 6–10–202, as revised by Ch. 75, 1982 S.L. of Wyoming and Ch. 171, 1983 S.L. of Wyoming) provides:

   "Every person convicted in this state of a felony, who shall previously have been three (3) times convicted of a felony upon charges separately brought and tried, which have arisen out of separate occurrences either in this state or elsewhere, shall be punished by imprisonment in the state penitentiary for the term of his or her natural life; provided, that nothing in this act [§§ 6–1–109 to 6–1–111] shall abrogate or effect the punishment of death in any and all crimes for which the punishment of death is now, or hereafter, may be inflicted."

the appellant are described in his brief as follows:

"I. Whether the trial court abused its discretion in not considering probation or suspension at sentencing even though the only crime appellant was convicted of was burglary.

"II. Whether the trial court erred in sentencing appellant twice on the separate matters of burglary and criminal habituality.

"III. Whether there is a reasonable doubt as to the guilt of the appellant based on inconsistent verdicts between co-defendants when the evidence against each was identical."

*The Fourth Issue:*

After the filing of the briefs, a fourth issue surfaced for the first time in argument which asks this question:

Is it error to charge a defendant with being an habitual criminal in a separate information?

Two separate informations were lodged against the defendant—the first, in May of 1982, on the burglary charges; the second, in November 1982, wherein Schuler was charged as a person who would be convicted of burglary and who had previously been convicted of three other felonies. The first information, describing the underlying burglary charge, was incorporated by reference in the second complaint, which asked the jury to find Schuler to be, and the court to sentence him as, an habitual criminal.

Rule 16(b)(2), W.R.Cr.P.,[2] specifies that the trial court may not hear a case if the information fails to charge an offense. For the first time in argument before this court, the appellant claimed that the trial court was without authority to entertain the habitual-criminal proceedings, because, contrary to the provisions of § 6–1–111, W.S. 1977,[3] the defendant was charged with burglary and with being an habitual criminal in two separate criminal complaints.

■ Under normal circumstances, we would not consider this contention because it was not brought to the attention of the trial court nor was it brought to the attention of this court until the issue was raised in argument here.[4] We choose to address the question in this opinion because some of the prosecutors throughout the state appear to be unclear about the manner in which

2. Rule 16(b)(2), W.R.Cr.P. provides:
"(2) Defenses and Objections Which Must Be Raised.—Defenses and objections based on defects in the institution of the prosecution or in the indictment or information other than that it fails to show jurisdiction in the court or to charge an offense may be raised only by motion before trial. The motion shall include all such defenses and objections then available to the defendant. Failure to present any such defense or objection as herein provided constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver. Lack of jurisdiction or the failure of the indictment or information to charge an offense shall be noticed by the court at any time during the pendency of the proceeding."

3. Section 6–1–111, W.S.1977 (now § 6–10–203, as revised by Ch. 75, 1982 S.L. of Wyoming and Ch. 171, 1983 S.L. of Wyoming) provides:
"(a) In charging a person with being an habitual criminal, the information or indictment shall set forth the felony committed within the state and shall allege the two (2) or more previous convictions or felonies relied upon by the state.

"(b) The trial on the felony committed within the state shall proceed as in other cases, except that the jury shall not be informed of the previous convictions of felonies. If the jury returns a verdict of guilty, then the defendant shall be tried immediately by the same jury upon the issue of whether or not he has been previously convicted of two (2) or more felonies, unless the defendant has entered or enters a plea of guilty to the information or indictment charging the prior convictions.

"(c) In any trial under the provisions of this act [§§ 6–1–109 to 6–1–111], a duly authenticated copy of the record of former convictions and judgments of any court of record for any of the offenses charged against the defendant indicted or informed against by the state shall be prima facie evidence of such convictions and may be used in evidence against the defendant."

4. Ordinarily the Supreme Court refrains from inquiring into questions not raised by the parties or trial court. *Matter of Parental Rights of PP,* Wyo., 648 P.2d 512 (1982); *Pritchard v. State, Division of Vocational Rehabilitation,* Wyo., 540 P.2d 523 (1975).

the habitual-criminal issue should be brought to the district court's attention.

■ Prosecutors seeking enhanced sentences under the habitual-criminal statute must bring allegations of habitual criminality under § 6–1–110, W.S.1977 (see n. 1) *in the same information* with the underlying felony charge. That is, as in this case, if the charge is burglary and the prosecutor seeks to enhance a burglary sentence with the life-imprisonment penalty provided for those proven to be habitual criminals under § 6–1–110, supra n. 1, then both of these allegations should be contained in the same information. The rationale for this will be made more clear as the opinion progresses, but, in short, the reason that the habitual-criminal sentencing enhancement must not be described in a separate information is that *being an habitual criminal is not a crime*—it is a status. To be an habitual criminal under the statute simply changes the sentencing process so that the sentence which could be imposed for the crime charged (if less than life imprisonment) becomes enhanced to a mandatory life sentence. We said as much in *Evans v. State,* Wyo., 655 P.2d 1214, 1225 (1982), where we explained:

"The habitual criminal statute does not create a new or separate crime and does not authorize or contemplate the conviction of the charge of being an habitual criminal. The distinct crime of being an habitual criminal is unknown. The habitual criminal act only prescribes a punishment and provides that in cases of a fourth felony conviction the penalty shall be enhanced. The repetition of criminal conduct aggravates the offense and provides greater penalties. The punishment is for the fourth felony, but it is enhanced because the defendant is an habitual criminal. The prior felony convictions are not integral parts of the principal offense charged in the information, but are instead matters of aggravation concerning the punishment to be imposed. Habitual criminality is a status, not an offense, and its finding calls for an en-

hancement of the punishment for the crime charged.

" ' * * * Since habitual criminality is a status, not a crime, * * * a judgment of conviction of an accused as an "habitual criminal" is considered null and void, there being no such offense, and on conviction under an indictment alleging prior convictions there can be but one judgment or sentence imposed.' 24B C.J.S. Sentence of Judgment § 1971, p. 521 (1962).

" ' * * * Habitual criminality is a status rather than an offense, and allegations of previous convictions made in indictments or informations brought under an habitual criminal statute do not constitute a distinct charge of crime, but go only to the punishment of the criminal. * * * ' 42 C.J.S. Indictments and Informations § 145, p. 1065 (1944), quoted with approval in *Waxler v. State,* 67 Wyo. 396, 224 P.2d 514, 519 (1950)."

We spoke to the question of pleading repeated convictions in *Waxler v. State,* 67 Wyo. 396, 224 P.2d 514, 518–519 (1950), quoting from 42 C.J.S. Indictments and Informations, § 145, p. 1057, as follows:

" * * * Where, in case of repeated convictions for similar offenses, the statute imposes an additional penalty, it is generally held that an indictment for a subsequent offense should allege facts showing that the offense charged is a second or subsequent crime within the contemplation of the statute, * * * and also that it is necessary to allege both the present offense and the previous convictions."

The concept was earlier announced in *Bandy v. Hehn,* 10 Wyo. 167, 67 P. 979, 980 (1902), where we said:

"But we think that, in reason and by the great weight of authority, as the fact of a former conviction enters into the offense to the extent of aggravating it and increasing the punishment, it must be alleged in the information and proved like any other material fact, if it is sought to impose the greater penalty. The statute makes the prior conviction a part of the description and character of the offense

intended to be punished. *Tuttle v. Com.,* 2 Gray, 505; Clark, Cr.Proc. 204."

Both *Waxler* and *Bandy,* supra, were decided under the predecessor of § 6–1–111, supra:

"Provisions of this Act [the habitual-criminal statute] shall apply only when previous convictions are set forth in the information or indictment charging the defendant, and proof thereof shall be made." Section 9–111, W.C.S.1945.

The predecessor statute was enacted in 1937 and remained in effect until the revised habitual-criminal statutes were passed in 1973. The language of the predecessor statute is unambiguous: the habitual-criminal charge must be brought in the same information that charges the current underlying felony. By comparison, we agree that the language of § 6–1–111 is not as free from doubt where it says:

"In charging a person with being an habitual criminal, the information or indictment shall set forth the felony committed within the state and shall allege the * * previous convictions or felonies relied upon by the state." Section 6–1–111(a), W.S.1977.

■ Some of the prosecuting attorneys in our state apparently take the position that this statute is open to the interpretation that it only demands that the information charging habitual criminality be complete, in the sense that it should set forth both the prior and the current felonies but does not require that these charges all be made within the four corners of a single information. However, in light of the long history of criminal pleading in this state requiring a single information to charge both the underlying felony and the prior felonies upon which the State relies to enhance the punishment, the proper interpretation of § 6–1–111(a) leads to the conclusion that one and only one information should be brought, despite the fact that two informations would give adequate notice to a defendant.

We turn our attention here to the question having to do with whether there was error committed in this case through the filing of two separate informations, the first of which charges the defendant as follows:

"* * *          JAMES SCHULER
* * * did unlawfully

"COUNT I

"agree with one or more persons, namely: CHRISTOPHER HUSS AKA JOHN ROBERT McCUTCHEON,   to commit a crime, to-wit: burglary (W.S.1977, § 6–7–201), and did an overt act to effect the object of the agreement, in violation of W.S.1977, § 6–1–203, which is

"COUNT II

"and intentionally enter a building, to-wit: the Mountain Bell Phone Center store building, without the consent of the person in lawful possession and with the intent to steal therein, in violation of W.S.1977, § 6–7–201(a)(i) * * *."

Subsequently, a criminal information was filed which is in pertinent part as follows:

"* * *          JAMES SCHULER
[is] a person who will be convicted in this State of the felony of burglary as set forth in the Information filed in Criminal Action Number 8645 in the Seventh Judicial District, attached hereto as Appendix A *and incorporated herein by reference,* and who has previously been three (3) times convicted of a felony upon charges separately brought and tried, which have arisen out of separate occurrences, including the following: the felony of unauthorized use of an automobile on or about the 5th day of February, 1975 in the State of Wyoming, the felony of attempted escape from the Wyoming State Penitentiary on or about October 9, 1979 in the State of Wyoming, and the felonies of escape and grand larceny on or about the 17th day of October, 1977 in the State of Wyoming, is a habitual criminal, in violation of W.S.1977, § 6–1–110, which is contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Wyoming." (Emphasis added.)

*Does the Second Information Charge an Offense?*

■ Appellant's position in arguing this appeal is that the document which urges the habitual-criminal sentencing enhancement is fatally defective in that it fails to charge an offense. It is to be emphasized, however, that the second information incorporates by reference the first information which had properly charged the crime of burglary.

Black's Law ·Dictionary (5th Ed.1968) defines "incorporation by reference" as:

"The method of making one document of any kind become a part of another separate document by referring to the former in the latter, and declaring that the former shall be taken and considered as a part of the latter the same as if it were fully set out therein."

As applied to this case, "incorporation by reference" means that the burglary charge contained in the first criminal complaint becomes a part of the second criminal complaint, thus amending the face of the second. By this device, the second instrument must be read to include both the burglary and the prior felonies and, as so interpreted, it meets the requirements of § 6–1–111(a), W.S.1977.

■ The force of the record in the instant case is to the effect that the second information stands as an amendment to the first one. Rule 9(c), W.R.Cr.P. contemplates that the filing of an amended information will be accomplished by leave of court. The rule says:

"An information may be amended in matter of form or of substance at any time before the defendant pleads without leave of court. The court may permit an information to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."

Appellant had already been arraigned on the burglary charges, so it would have been preferable to obtain leave of court. However, it is not error to amend an information without leave of court. *Whiteley v.*

*State,* Wyo., 418 P.2d 164, 166 (1966); *Whiteley v. State of Wyoming,* 293 F.Supp. 381, 383 (D.Wyo.1968), rev'd on other grounds, sub nom. *Whiteley v. Warden,* 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971). And where the defendant has raised no question concerning the propriety of the amendment, he waives his right to attack it. *Whiteley,* supra, 418 P.2d at 166. Appellant was given notice of the charges against him, raised no objection to the peculiar procedure and, in fact, moved the court to consolidate the two informations for trial.

■ It is customary that an amended information be styled as such and that the same criminal action number be retained. Here the second information was not designated as an amendment and a second criminal action number was assigned. To proceed in this manner is misleading and confusing, but does not, however, constitute reversible error. It is well established that (formal defects in the pleadings not prejudicial to the defendant will be disregarded.)

" * * * [A]ny * * * defect or imperfection which does not tend to prejudice any substantial right of the defendant upon the merits or to mislead the defendant to his prejudice shall not be grounds for dismissal of the indictment or information or for reversal of a conviction. * * " Rule 9(a), W.R.Cr.P.

Even before this rule was adopted, this court had held that the amendment of an information was procedural and not jurisdictional. *McGinnis v. State,* 17 Wyo. 106, 96 P. 525 (1908); *State v. Kusel,* 29 Wyo. 287, 213 P. 367 (1923). More recent cases carry forth this rationale under the rules. *Fuller v. State,* Wyo., 568 P.2d 900 (1977); *Sanville v. State,* Wyo., 553 P.2d 1386 (1976). The amendment of an information is "one of form and not of substance." *Valerio v. State,* Wyo., 445 P.2d 752, 753 (1968).

Rule 9(c) allows amendment of an information only if no "additional or different" offense is charged. The amendment—the second information—does not charge appellant with an "additional or different" offense, because habitual criminality is not a

crime, but serves only to enhance the punishment for the underlying felony.

Neither does the amendment prejudice substantial rights of the defendant. Rule 9(a), supra, provides that when the substantive rights of the defendant on the merits are protected, minor defects in the formal proceedings will be ignored.

The safeguards in habitual-criminal cases are set forth in § 6–1–111(b). See n. 3, supra.

■ Here, appellant was tried first on the burglary count. All reference to the prior convictions were excluded from the first stage by grant of defendant's motion. Only after appellant had been convicted of burglary was the jury informed of the habitual-criminal charges, and that trial was held the following morning. Thus, the proceedings followed in this case conform to what they would have been had one information (either an original or a properly denoted amended information) charged the defendant with both burglary and being an habitual criminal. Because the protections were the same and adequate, it is difficult to see how the result would have been different. No substantial right of the defendant was placed in jeopardy. In fact, appellant does not urge that the two informations served to prejudice his defense. Thus, the defects in the amended information are not grounds for reversal.

### ONE SENTENCE

■ It is improper to impose two sentences, one for the underlying felony, and one for the habitual charges.

"The effect of two sentences would be tantamount to sentencing a defendant for being an ex-convict. Separate sentences would violate the double jeopardy prohibition." *Evans v. State,* supra, 655 P.2d at 1225.

A separate sentence cannot be imposed for an habitual-criminal conviction because there is no "crime" of habitual criminal. *Evans v. State,* supra, 655 P.2d at 1225.

■ We will hold that the trial judge imposed but one sentence: life imprisonment. The burglary sentence was enhanced on the basis of the jury finding that defendant was an habitual criminal as defined by § 6–1–110, supra.

The record fully supports our holding on this issue. Before oral sentencing, in a discussion with counsel, the trial judge said:

" * * * [A]s I understand, [we must] not regard this as two separate sentences but *one enhancing sentencing."* (Emphasis added.)

The trial judge then sentenced the defendant as follows:

"James Schuler, it will be Judgment and Sentence of the Court that in the burglary case, Case 8645, you be remanded to the custody of the Sheriff of Natrona County and be by him conducted to the Wyoming State Penitentiary, there to serve a term of not more than four years and not—excuse me—not less than four years and not more than eight years, with credit against both the minimum and maximum on account of the time that you may have spent in jail here, pursuant to this charge.

"That further, with respect to Case 8827, which is the habitual criminal charge, *this sentence previously passed,* I think is the way to say it, *be enhanced per statute to a sentence of life imprisonment."* (Emphasis added.)

The language in the two judgment and sentence orders parallels that at oral sentencing:

"NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that you, JAMES SCHULER, be remanded to the custody of the Sheriff of Natrona County, Wyoming, to await transfer to the Wyoming State Penitentiary in Rawlins, Wyoming, to serve a term of not less than four (4) years nor more than eight (8) years with credit for 248 days already served in the Natrona County Jail, to be deducted from both the minimum and maximum terms." Judgment and Sentence, Criminal Action No. 8645, dated January 11, 1983.

The judgment and sentence in Criminal Action 8827 again emphasizes that the sentence is enhanced:

> "* * * to serve a term of *life imprisonment which shall be an enhanced sentence* for the imprisonment ordered in Criminal Action No. 8645, * * *." (Emphasis added.)  Dated January 11, 1983.

In addition, a February 1, 1983, letter from the trial judge to defendant indicates that one sentence was imposed.

> "There is but one sentence of life imprisonment in the burglary case, 8645; in that case the sentence to a term of years is *enhanced to life* by the separate action in which you are charged as an habitual criminal.  I repeat; There is *but one sentence for these two cases,* not a sentence to a term of years in addition to a life sentence." (Emphasis added.)

We refer back to the language in *Whiteley v. State of Wyoming,* supra, 293 F.Supp. at 386, where the defendant also was sentenced first on the underlying felony and then given an enhanced sentence (although there was only one judgment and sentence form):

> "The record does not support petitioner's claim that he was * * * given one penalty for the crime of breaking and entering and another penalty for being an habitual criminal."

In the instant case, both the sentencing record and the record as a whole are crystal clear.  We have said that the record of judgment is not dispositive when it conflicts with the actual sentence imposed orally by the trial judge in open court.  *Lane v. State,* Wyo., 663 P.2d 175 (1983).  No such conflict between the two appears in this record.

We cannot say why the judge entered two sentence orders to impose but one sentence.  Perhaps this was a response to the formal defect of two separately numbered informations filed in this case.  At any rate, the language utilized by the trial judge at oral sentencing, in the orders and in the follow-up letter, leaves no doubt that a single, enhanced sentence was imposed.

## PROBATION

The trial judge had no authority to consider probation or suspension of sentence and his failure to do so in this case was not error.  Defendant was found guilty of burglary, under § 6–7–201, W.S.1977.[5]  Because of the habitual-criminal statute, § 6–1–110, supra, the burglary sentence was enhanced to life.  Where a crime carries a mandatory life sentence, as does this appellant's enhanced conviction of burglary, the trial judge has no discretion to consider probation.  Section 7–13–301, W.S.1977,[6] specifically excludes from the trial court's discretion crimes for which a life sentence is mandatory.  We adhere to the principle that habitual criminality is not a crime, but a status.  *Evans,* supra, 655 P.2d at 1225.  However, by virtue of a particular defendant's status as an habitual criminal, his sentence, for whatever his fourth felony may be, becomes life imprisonment.  The defendant is not thereby sentenced to life imprisonment for the "crime" of being an habitual criminal.  Rather, because he is an habitual criminal, he is sentenced to life imprisonment for his fourth felony.

By virtue of § 7–13–301, supra, the trial judge must consider probation or suspension of sentence in the sentencing phase, despite the fact that all criminal statutes prescribe mandatory minimum and maximum sentences.  The trial judge must do this even in an habitual-criminal convic-

---

5. Now § 6–3–301, W.S.1977, as revised by Ch. 75, 1982 S.L. of Wyoming and Ch. 171, 1983 S.L. of Wyoming.

6. Section 7–13–301, W.S.1977, reads:

   "After conviction or plea of guilty for any offense, except crimes punishable by death or life imprisonment, the court may suspend the imposition of sentence, or may suspend the execution of all or a part of a sentence and may also place the defendant on probation or may impose a fine applicable to the offense and also place the defendant on probation.  With the consent of a defendant charged with a crime, except a crime punishable by death or life imprisonment, the court may suspend trial and place such defendant on probation."

tion under § 6–1–109, W.S.1977,[7] which carries a 10-to-50-year sentence. It does not follow that the trial court must consider probation in an habitual-criminal conviction under § 6–1–110, supra, which carries a life sentence. Section 7–13–301, supra, specifically exempts crimes carrying mandatory life imprisonment from consideration of probation. The power to punish is with the legislature. *Chavez v. State,* Wyo., 604 P.2d 1341, 1353 (1979), cert. denied 446 U.S. 984, 100 S.Ct. 2967, 64 L.Ed.2d 841 (1980). The courts can only impose such a sentence as is authorized by the legislature. *Sorensen v. State,* Wyo., 604 P.2d 1031, 1036 (1977). It is within the legislative prerogative thus to allow the trial judge discretion when a sentence is enhanced by § 6–1–109, supra, and to remove it when the sentence is enhanced by virtue of § 6–1–110, supra.

" * * * We further hold that § 7–13–301, W.S.1977, is a proper exercise of an inherent legislative power to prohibit suspension of sentence in a given case. * * *

"The legislature is free to retain or delegate sentencing discretion when defining and setting punishment. It may properly delegate sentencing discretion in part and retain sentencing discretion in part." *Evans,* supra, 655 P.2d at 1224.

 The instant case is distinguishable from *Peterson v. State,* Wyo., 586 P.2d 144 (1978), where we held that the trial judge read § 7–13–301, supra, too narrowly in refusing to consider alternatives to life imprisonment. There the maximum statutory sentence was life imprisonment and the minimum was a term of years. We decided only that in such cases life imprisonment is not mandatory and thus the trial judge does have discretion to order probation under § 7–13–301, supra. However, under § 6–1–110, supra, the life sentence for the fourth felony is mandatory and it is improper for the trial judge to consider probation.

---

**7.** Now § 6–10–201, W.S.1977, as revised by Ch. 75, 1982 S.L. of Wyoming and Ch. 171, 1983

## INCONSISTENT VERDICTS

Lastly, defendant appeals to this court to reverse his conviction on the burglary charges because the jury found his co-defendant guilty of the lesser-included crime, criminal trespass. The two verdicts are not inconsistent with the finding that defendant is guilty beyond a reasonable doubt of burglary. The evidence against the defendant and his co-defendant was not identical in all respects. The record reflects an adequate basis for finding defendant guilty of the specific-intent crime of burglary while finding that his co-defendant lacked the requisite intent to commit a felony within the building.

"Defendant argues that the convictions * * * must be reversed because of inconsistency with the verdicts acquitting his co-defendant * * *. The character and quality of the defenses of Hopkinson and Hickey were so different that the jury had a reasonable basis for return of different verdicts. Hopkinson had a motive * * *. No motivation is shown for Hickey * * *. In any event, consistency in verdicts is not required. *Hamling v. United States,* 418 U.S. 87, 101, 94 S.Ct. 2887, 2899, 41 L.Ed.2d 590. See also *United States v. Beitscher,* 10 Cir., 467 F.2d 269, 274." *United States v. Hopkinson,* 631 F.2d 665, 668 (10th Cir.1980).

We affirm the judgment and the imposition of a single, enhanced life sentence for burglary.