Henry Leroy WILLIAMS,
Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

Steve Roy GARCIA, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

Steven W. HARRISON,
Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

Nos. 84–11, 84–19 and 84–29.

Supreme Court of Wyoming.

Dec. 17, 1984.

Leonard D. Munker, State Public Defender, and Sylvia Lee Hackl, Appellate Counsel, Wyoming Public Defender Program, argued, for appellants.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Mary B. Guthrie, Senior Asst. Atty. Gen., argued, and John W. Renneisen, Senior Asst. Atty. Gen., for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

CARDINE, Justice.

Appellants Henry Williams, Steven Harrison and Steve Garcia appeal from the denial of their respective motions for sentence reduction pursuant to Rule 36; W.R. Cr.P.[1] We affirm.

The question presented to us, as stated by appellants, is

> "Whether a trial court has jurisdiction to reduce a previously-imposed sentence beneath a legislatively-mandated minimum term."

Appellant Garcia was convicted of second degree murder in violation of § 6–4–104, W.S.1977,[2] and sentenced to a term of not less than twenty years, the statutory minimum, nor more than twenty-seven years in the state penitentiary. Appellants Williams and Harrison were convicted of aggravated robbery in violation of § 6–4–402, W.S. 1977.[3] Both were sentenced to terms of not less than five years, the statutory minimum, nor more than seven years in the state peni-

---

1. Rule 36, W.R.Cr.P., provides in part:

 "The court may reduce the sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court having the effect of upholding the judgment of conviction. The court may also reduce a sentence upon revocation of a probation as provided by law."

2. Section 6–4–104, W.S.1977, at the time of the commission of this offense, provided:

 "Whoever purposely and maliciously, but without premeditation, kills any human being, is guilty of murder in the second degree, and shall be imprisoned in the penitentiary for any term not less than twenty (20) years, or during life."

3. Section 6–4–402, W.S.1977, at the time of commission of this offense, provided:

 "Whoever forcibly and feloniously takes from the person or possession of another any property of value, by violence or by putting in fear, when a firearm or other deadly weapon is used or exhibited in the commission of the offense, is guilty of aggravated robbery and shall be imprisoned in the penitentiary for not less than five (5) years nor more than fifty (50) years."

tentiary. Each appellant filed a timely motion for sentence reduction, pursuant to Rule 36, W.R.Cr.P., supra. The motions of each of the appellants were heard and denied upon the grounds that the trial court lacked jurisdiction to reduce a previously imposed sentence beneath the legislatively-mandated minimum term.

 The power to prescribe punishment belongs to the legislative branch of government. *Evans v. State,* Wyo., 655 P.2d 1214 (1982); *Chavez v. State,* Wyo., 604 P.2d 1341 (1979). Courts can only impose those sentences authorized by the legislature. *Schuler v. State,* Wyo., 668 P.2d 1333 (1983); *Sorenson v. State,* Wyo., 604 P.2d 1031 (1979).

The legislature has vested the trial court with the authority,

"[w]ithin the limits prescribed by law, * * * [to] determine and fix the punishment for any felony or misdemeanor * * *." Section 6-1-105, W.S.1977,

and

"[w]hen a convict is sentenced to the state penitentiary, * * * the court imposing the sentence * * * shall establish a maximum and minimum term for which said convict shall be held in said prison. * * * *[T]he minimum term shall not be less than the shortest term fixed by law* for the punishment of the offense of which he was convicted." (Emphasis added.) Section 7-13-201, W.S.1977.

 It is clear that in fixing punishment the court must comply with the law, and the sentence must be within the limits of the minimum and maximum punishment prescribed by statute for the particular offense. 24B C.J.S. Criminal Law § 1993. A sentence within such limits is proper and, absent a clear abuse of discretion, will not be disturbed. *Wright v. State,* Wyo., 670 P.2d 1090 (1983); *Smith v. State,* Wyo., 564 P.2d 1194 (1977). A court may not assess punishment below a mandated minimum term. *Cooper v. State,* Tex.Cr.App.,

527 S.W.2d 898 (1975); *State, ex rel. Sonner v. Shearin,* 272 Md. 502, 325 A.2d 573, 73 A.L.R.3d 454 (1974); *State v. Dull,* Fla. App., 249 So.2d 758 (1971); *Smith v. State,* supra. If the sentence imposed is less than the minimum term, the court must revoke the initial sentence and substitute the longer one that should have been imposed. *United States v. Bishop,* 487 F.2d 631 (1st Cir.1973).

"* * * [A] sentence which does not comply with the letter of the criminal statute which authorizes it. * * * may be set aside on appeal." *Bozza v. United States,* 330 U.S. 160, 67 S.Ct. 645, 648, 91 L.Ed. 818 (1947), citing *Reynolds v. United States,* 98 U.S. 145, 8 Otto 145, 25 L.Ed. 244 (1878).

Under § 7-13-301, W.S.1977, the trial court is authorized to:

"After conviction or plea of guilty for any offense, except crimes punishable by death or life imprisonment, the court may suspend the imposition of sentence, or may suspend the execution of all or a part of a sentence and may also place the defendant on probation or may impose a fine applicable to the offense and also place the defendant on probation. With the consent of a defendant charged with a crime, except a crime punishable by death or life imprisonment, the court may suspend trial and place such defendant on probation."

The language "may suspend the execution of all or a part of a sentence" seems to suggest that the court is empowered to require that only part of a sentence be served, that the balance of the sentence may be suspended, and probation granted as to the suspended portion. However, in Sorenson v. State, supra, we held:

"Such power as placed by the legislature in the Board of Parole is inconsistent with the exercise by the court of parole power over an individual confined in the institution.[4] The legislature has pre-

---

4. "Institution" applies to the Wyoming State Penitentiary as well as other facilities subject to authority of the Board of Parole. It does not, however, include city or county jails. There-

fore, the repeal of the statute is not applicable to situations in which the defendant's sentence is suspended in part when the term of incarceration is to be served in a city or county jail.

scribed specific punishment which may be imposed by the courts for violation of the respective crimes, usually in terms of a minimum and maximum period of incarceration." (Emphasis omitted.) 604 P.2d at 1037.

We further stated that the 1971 act creating the board of parole repeals by implication the authority of the court to require defendant to serve part of a sentence, suspend execution, and place the defendant on probation as to the balance.

■ It is, therefore, clear that the trial court in these cases is without authority to either impose a sentence below the statutory minimum at the time of the original sentencing or impose a sentence within the statutory minimum and maximum and then suspend execution of a portion of that sentence.

■ The question that remains is whether the court, after sentencing, has jurisdiction to reduce the sentence on motion to a term that the court could not have imposed at the original sentencing. Arthur Campbell, in "Law of Sentencing," states:

"As with rules governing selection of the original sentence, a cardinal principle controlling motions to modify is the rule that the ultimate determination is a matter left to the trial court's sound discretion." (Footnote omitted.) Section 124, p. 382.

But we have held that the court does not have discretion to sentence below the minimum; and, if the trial court does not have discretion to impose a sentence originally, it is unable to impose that sentence on a motion to reduce. A court may not do indirectly what it was powerless to do directly.

Appellants argue, however, that they will be denied the benefit of a motion to reduce sentence unless Rule 36 is interpreted to "permit a trial court to reduce a sentence to a term of years less than the statutory minimum." Appellants contend that *Peterson v. State,* Wyo., 586 P.2d 144 (1978), supports their position. This contention is unfounded. *Peterson v. State,* supra, stands for the proposition that probation

may be granted for crimes which have a minimum term of less than life imprisonment even though the maximum is either life imprisonment or death. In *Sanchez v. State,* Wyo., 592 P.2d 1130 (1979), we stated that *Peterson v. State,* supra, was applicable to this narrow question created by its specific circumstances.

Appellants cite *United States v. Golphin,* 362 F.Supp. 698, 699 (W.D.Penn. 1973), for the proposition that

"the power given by Rule 35 [Rule 36, W.R.Cr.P.] would have no meaningful effect if the Court in reducing a sentence were not free to consider all alternatives that were available at the time of imposition of the original sentence."

That court also stated that:

"We think the Court is likewise authorized to use any of the modern techniques of present-day penology which would have been proper at the time of original sentence * * *." Id. at 699.

That statement holds true within the parameters we have established, but it does not vest the court with more alternatives under a motion for sentence reduction than at the time of original sentencing.

*Leyvas v. United States,* 371 F.2d 714 (9th Cir.1967), seems to be the only case in which a court reduced a statutorily-required minimum sentence on motion. This order was declared void, the court holding that the order was impermissible because it breached the mandatory sentencing procedure. A trial court's broad discretion with regard to sentencing is limited to the sentence mandated. *Schuler v. State,* supra; *State, ex rel. Sonner v. Shearin,* supra.

The American Bar Association suggests that it is unsound for the legislature to prescribe a minimum mandatory period of imprisonment, III ABA Standards for Criminal Justice, ch. 18, Sentencing Alternatives and Procedures § 4.3. While this approach may be desirable, it is for the legislature to determine whether it ought to be adopted.

At this time, the only sentencing alternatives which may be considered on a motion for sentence reduction are those which

would have been proper at the original sentencing. Having declined to suspend either the trial, the imposition of sentence, or grant probation, the trial courts in the cases at bar could lawfully, at the original sentencing, impose only sentences within the permissible range of penalties for the particular offenses of which each appellant was convicted. Rule 36, W.R.Cr.P., does not create greater sentencing authority than originally had by the court.

The courts had already sentenced appellants to the minimum terms of years allowed by the legislature. Therefore, they were without jurisdiction to further reduce appellants' sentences. The motions for sentence reduction pursuant to Rule 36, W.R.Cr.P., were properly denied. We, therefore, affirm the trial courts' decisions.