**The STATE of Wyoming, Plaintiff,**

v.

**Glenn L. KNAPP, Defendant.**

**No. 86–274.**

Supreme Court of Wyoming.

July 22, 1987.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

A.G. McClintock, Atty. Gen., John W. Renneisen, and Sylvia Lee Hackl, Sr. Asst. Attys. Gen., Cheyenne, for plaintiff.

Wyoming Public Defender Program, Leonard D. Munker, State Public Defender, Martin J. McClain, Deputy State Public Defender, and Julie D. Naylor, Appellate Counsel, Cheyenne, for defendant.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Chief Justice.

In this case, the district court reduced defendant's sentence of incarceration to probation after defendant had served only two and one-half months of his sentence of five to eight years.

The issue according to the State is:

"Can a court, pursuant to Rule 36, W.R. Cr.P., reduce a sentence of incarceration to one of probation once the defendant has been incarcerated?"

We determine that the trial court has authority to reduce a sentence of incarceration to probation, and therefore affirm the trial court's decision.

Defendant Glenn Knapp was convicted by a jury of aggravated burglary, in violation of § 6–3–301(a), (c)(ii), W.S.1977 (June 1983 Replacement). The district court sentenced him to a term of not less than five nor more than eight years in the Wyoming State Penitentiary.[1] Accordingly, defendant was remanded to custody to begin serving his sentence in the penitentiary. Two and one-half months later, the court ordered that the judgment and sentence be amended and modified to release defendant from the penitentiary, and placed him on probation for a period of five years. The State of Wyoming then sought review of this decision by means of a bill of exceptions.

In *Peterson v. State*, Wyo., 586 P.2d 144 (1978), we held that probation may be granted for crimes which have a minimum term of less than life imprisonment. In this case the wisdom of the trial court's action is not an issue, but whether the judge had authority under Rule 36, Wyoming Rules of Criminal Procedure, to reduce a sentence of incarceration to probation. The Rule 36 motion was made within 120 days of the entry of judgment and sentence.

Rule 36, W.R.Cr.P., provides:

"The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. *The court may reduce the sentence within 120 days after the sentence is imposed,* or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court having the effect of upholding the judgment of conviction. The court may also reduce a sentence upon revocation of a probation as provided by law." (Emphasis added.)

Rule 36 was adopted by order of this court dated November 21, 1968.[2] Rule 36 was derived from Rule 35 of the Federal Rules of Criminal Procedure. This court has considered federal case law interpreting Federal Rule 35 persuasive with respect to our Rule 36. *Peterson v. State,* Wyo., 706 P.2d 276 (1985).

In *United States v. Golphin,* 362 F.Supp. 698 (W.D.Pa.1973), the federal district judge was faced with the same question that concerns us in the present case. The federal court identified the issue as:

" * * * [W]hether the Court's power to reduce a sentence, granted by Rule 35, F.R.Cr.P., when timely exercised but after defendant has commenced service of a term of imprisonment which was part of the original sentence, includes the

---

1. Five years is the minimum sentence for aggravated burglary.

2. Rule 36, Wyoming Rules of Criminal Procedure, has been amended and became effective June 16, 1987.

power to relieve defendant from confinement and release him on probation." Id., at 699.

Interpreting Rule 35, F.R.Cr.P., the court in Golphin stated:

"In our judgment the power given by Rule 35 would have no meaningful effect if the Court in reducing a sentence were not free to consider all alternatives that were available at the time of imposition of the original sentence.

＊　　＊　　＊　　＊　　＊　　＊

"The Government concedes that it would be a permissible *reduction* of sentence if the number of years or dollars were diminished. We think the Court is likewise authorized to use any of the modern techniques of present-day penology which would have been proper at the time of original sentence, and is not limited to operations involving pecuniary or incarcerative *quanta* when effecting a reduction of sentence.

"Just as 'by common understanding,' as Justice Holmes said in *Biddle v. Perovich*, 274 U.S. 480, 486–487, 47 S.Ct. 664, [665] 71 L.Ed. 1161 (1927), imprisonment for life is a less penalty than death (although a punishment of a different sort), so we are convinced that 'by common understanding' probation is considered to be less severe and more lenient than imprisonment. To grant probation in lieu of imprisonment is hence obviously a reduction of the sentence. To hold otherwise would be to exalt distinctions without a difference and fly in the face of common sense and the will of Congress as embodied in Rule 35." Id., at 699.

The State brings to our attention *Affronti v. United States*, 350 U.S. 79, 76 S.Ct. 171, 100 L.Ed. 62 (1955); and *United States v. Murray*, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309 (1928). *Affronti* and *Murray* hold that sentencing courts have no power under the Federal Probation Act of 1925 (43 Stat. 1259) to place a convict on probation after he has commenced serving his sentence. The application of Rule 35, F.R.Cr.P., was not involved in either Affronti nor Murray. Therefore, these cases do not support the State's argument that the district court did not have jurisdiction to reduce a sentence of imprisonment to probation under Rule 36, W.R.Cr.P.

The State's reliance on *Williams v. State*, Wyo., 692 P.2d 233 (1984) is misplaced. In *Williams*, probation was not an issue. The trial court had ruled out probation. In that case the issue was whether the sentencing judge could suspend part of the sentence and thus bring the sentence below the minimum set by the statute. We said:

"But we have held that the court does not have discretion to sentence below the minimum; and, if the trial court does not have discretion to impose a sentence originally, it is unable to impose that sentence on a motion to reduce. A court may not do indirectly what it was powerless to do directly." Id., at 236.

In *Cook v. State*, Wyo., 710 P.2d 824, 825 (1985), we reaffirmed the holding in Williams saying:

"In *Williams v. State*, supra, 692 P.2d at 235, we held that '[a] court may not assess punishment below a mandated minimum term.' We pointed out, however, that § 7–13–301, W.S.1977, permits a trial court to suspend a sentence entirely and place a defendant on probation for all crimes other than those punishable by life imprisonment or death. In other words, the court cannot impose a hybrid sentence of probation and incarceration which results in a prison term below the statutory minimum but instead must choose between probation and the statutory range of sentence provided in the applicable statute."

Under a Rule 36, W.R.Cr.P., motion a judge may consider all alternatives that were available at the time of the imposition of the original sentence, but no more. *United States v. Golphin*, supra. In this case, granting probation was a viable alternative when the original sentence was imposed. *Cook v. State*, supra; and *Williams v. State*, supra.

We hold, therefore, that the district court correctly applied Rule 36, W.R.Cr.P., when

it reduced a sentence of incarceration to probation.