**Jim Dale RICH, Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

**No. 94–231.**

Supreme Court of Wyoming.

July 28, 1995.

Leonard D. Munker, State Public Defender; Deborah Cornia, Appellate Counsel, Public Defender Program, Cheyenne, for appellant.

Joseph B. Meyer, Atty. Gen.; Sylvia Lee Hackl, Deputy Atty. Gen.; Barbara L. Boyer, Sr. Asst. Atty. Gen., Cheyenne, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR, and LEHMAN, JJ.

GOLDEN, Chief Justice.

In this case we review an order of the district court denying motions for reduction

of sentences. We reverse in part, affirm in part and remand for further proceedings.

While appellant Jim Dale Rich (Rich) was serving a term of 45–90 years in the Nebraska State Penitentiary for three felony counts of first degree sexual assault, Wyoming authorities charged him with two counts of first degree sexual assault, three aggravated burglaries, and one aggravated robbery. They also sought habitual criminal status for Rich on all six counts; later they added yet another first degree sexual assault charge.

Before arraignment the prosecutor pruned the overgrown bush of charges so that at arraignment Rich pleaded guilty to two counts of first degree sexual assault and two counts of burglary. For purposes of the habitual criminal statute, Rich admitted to a host of felonies he had committed in Nebraska, *viz.*, one incident involving two convictions of burglary, another incident involving burglary and criminal attempt burglary convictions, and three separate counts of first degree sexual assault.

Before sentencing, Rich escaped official detention. While at large, he committed a first degree sexual assault on a 14–year–old girl. Following his capture, the prosecutor charged him with the recently committed sexual assault and the felony escape. At arraignment on those new charges, Rich pleaded guilty. On September 15, 1993, the district court sentenced Rich.

With respect to the first set of four charges to which Rich pleaded guilty, the district court sentenced him to four life sentences, which expressly reflected Rich's habitual criminal status as determined by the district court. The district court ordered these sentences to be served as follows: The life sentence on Count I, a first degree sexual assault conviction, to be served concurrently with the life sentence on Count II, a burglary conviction; the life sentence on Count III, a first degree sexual assault conviction, to be served concurrently with the life sentence on Count IV, a burglary conviction; the concurrent life sentences on Counts I and II to be served consecutively to the life sentences on Counts III and IV; and these Wyoming life sentences to be served consecutively to any sentence imposed and pending in Nebraska.

The district court gave Rich credit for 107 days of pre-sentence incarceration in the Goshen County jail.

With respect to the second set of the two most recent charges to which Rich pleaded guilty, *viz.*, the first degree sexual assault charge and the felony escape charge, the district court sentenced him to life on each charge, which also expressly reflected Rich's habitual criminal status as determined by the district court. The district court ordered that the life sentence on the first degree sexual assault conviction be served consecutively to the felony escape life sentence; also, the district court ordered that these two consecutive life sentences be served consecutively to any imposed and impending Nebraska sentence and the four Wyoming life sentences referred to above.

In June and again in August, 1994, Rich filed motions to reduce his sentences pursuant to WYO.R.CRIM.P. 35(b). In those motions, he did not contend the sentences were illegal; he raises that issue here for the first time. The district court denied his motions. He has appealed that denial.

Rich advances three contentions. First, he contends the trial court abused its discretion by sentencing him to four consecutive life sentences under the habitual criminal statute. Second, he contends that the district court abused its discretion when it imposed the two additional consecutive life sentences for the felony escape and sexual assault convictions. Finally, he claims his guilty pleas spared the victims and the State the necessity of going to trial and, thus, the sentences are manifestly harsh and unfair.

### Life Sentences for Simple Burglary and Felony Escape

The district court applied Wyoming's habitual criminal statute to enhance the sentences imposed. Under WYO.STAT. § 6–10–201(a)(i) and (ii) (1988), a defendant convicted of a violent felony is a habitual criminal if, on two or more previous but separate occasions, he has been convicted of felonies. The statute defines a "violent felony" as: "murder, manslaughter, kidnapping, sexual assault in the first or second degree, robbery, aggra-

vated assault, aircraft hijacking, arson in the first or second degree or aggravated burglary." Wyo.Stat. § 6–1–104(a)(xii) (Supp. 1994).

The initial charges against Rich included aggravated robbery and two counts of aggravated burglary. Wyoming's habitual criminal statute applies to these crimes. As the case approached arraignment, however, the prosecutor reduced the aggravated burglary charges to simple burglary and dropped the aggravated robbery charge altogether. As noted above, Wyo.Stat. § 6–10–201 specifically allows an enhanced sentence for aggravated burglary, but does not for simple burglary.

In the second set of charges, Rich pleaded guilty to felony escape, for which he also received a life sentence. Wyo.Stat. § 6–1–104(a)(xiii) does not include felony escape as a violent felony. Therefore, the district court erred by imposing life sentences for those crimes under the habitual criminal statute. The state concedes this point.

■ We hold the sentences imposed on the burglary and escape charges to be contrary to the governing statute. Rich still faces three consecutive life sentences, which this remand does not affect. Those sentences are final. *Simonds v. State*, 799 P.2d 1210 (Wyo.1990).

Concurrent or consecutive treatment of the sentences, however, is still at issue. The district court originally ordered Rich to serve the burglary sentences concurrently with the sexual assault convictions. Therefore, we remand the improper sentences, and the issue of concurrent or consecutive treatment, to the district court for resentencing.

The issue of concurrent or consecutive treatment is not present regarding the sentence for escape. Rich was to serve his two consecutive life sentences pertaining to the second set of convictions (sexual assault and escape) consecutively to all other convictions. Thus, the district court still has the option to

make the escape conviction sentence consecutive to other sentences.

### Life Sentences for Sexual Assault

■ Rich contends the district court's imposition of four consecutive life sentences for these crimes is harsh and unfair. He argues that by pleading guilty to his crimes, he spared the victims and the State the necessity of going to trial. Rich argues that for this noble gesture the district court should have shown some leniency.

A sentence, however, will not be set aside by this court if the sentence is within the legislative mandated minimum and maximum range. *Eustice v. State*, 871 P.2d 682, 684 (Wyo.1994). In Rich's case, there was no minimum sentence permitted with respect to his sexual assault convictions. A court has convicted Rich of felonies four times and the mandatory sentence is life for the instant violent felonies. Wyo.Stat. § 6–10–201(b)(ii) (1988).

This court has previously held that being a habitual criminal is not a crime; it is a status. *Schuler v. State*, 668 P.2d 1333, 1337 (Wyo.1983). To be a habitual criminal under the statute simply changes the sentencing process. *Id.* The sentence which the court could impose for the crime charged (if less than life imprisonment) is, by statute, enhanced to a mandatory life sentence. *Id.*

Just as the trial court had no discretion to consider probation in *Schuler*, the district court has no discretion in sentencing Rich to life sentences for his fourth, fifth and sixth violent felony convictions. As noted in both *Schuler* and *Evans v. State*, 655 P.2d 1214 (Wyo.1982), courts can only impose sentences authorized by the legislature. As this court stated in *Schuler*, "It is within the legislative prerogative thus to allow the trial judge discretion when a sentence is enhanced by § 6–1–109 [1], and to remove it when the sentence is enhanced by virtue of § 6–1–110 [2]." *Schuler*, 668 P.2d at 1342.

---

1. Wyo Stat. § 6–1–109 (1977) allows a 10–50 year sentence for third time felons. § 6–1–109 was renumbered § 6–10–201 in 1983.

2. Wyo.Stat. § 6–1–110 (1977) requires a mandatory life sentence for fourth time felons. The relevant portions of § 6–1–110 were renumbered § 6–10–201 in 1983.

In addition, the State charged Rich with three separate first degree sexual assaults, which occurred on three separate and distinct occasions. They are violent felonies. The district court is well within its discretion to impose consecutive life sentences. Because the district court's sentences are not manifestly unfair or unjust, there is no abuse of discretion.

In summary, we affirm the sentences imposed for the first degree sexual assaults. We remand the burglary and felony escape sentences to the district court for resentencing in light of this decision.

In remanding, we observe that at resentencing the district court may impose maximum sentences of ten years each on the burglary convictions and a maximum sentence of ten years on the escape charge. The court must also consider the matter of concurrent or consecutive treatment. We remand both the sentences and the concurrent or consecutive treatment matters so that the court is given the opportunity to exercise its sentencing discretion in the fullest manner.