Dennis KALLAS, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 84–260.

Supreme Court of Wyoming.

Aug. 7, 1985.

Leonard D. Munker, State Public Defender, Martin J. McClain, Appellate Counsel, Wyo. Public Defender Program, Cheyenne, and Patricia L. Odell, Defender Aid Program, Laramie, for appellant (defendant).

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen.; and John W. Renneisen, Senior Asst. Atty. Gen., for appellee (plaintiff).

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

ROONEY, Justice.

Appellant, twenty-nine years old, pled guilty, pursuant to a plea agreement, to one count of second-degree sexual assault in violation of § 6–2–303(a)(v), W.S.1977 [1], and to one count of taking indecent liberties with a minor in violation of § 14–3–105, W.S.1977.[2] He was sentenced to ten to twenty years under § 6–2–303(a)(v) and to

---

1. Section 6–2–303, W.S.1977, provides in pertinent part:

    "(a) Any actor who inflicts sexual intrusion on a victim commits sexual assault in the second degree if, under circumstances not constituting sexual assault in the first degree:

    \*　　\*　　\*　　\*　　\*　　\*

    "(v) At the time of the commission of the act the victim is less than twelve (12) years of age and the actor is at least four (4) years older than the victim."

2. Section 14–3–105, W.S.1977, provides in pertinent part:

    "Any person knowingly taking immodest, immoral or indecent liberties with any child \* \* \* is guilty of a felony \* \* \*."

five to ten years under § 14–3–105. On appeal he contends (1) that the convictions were improper inasmuch as he should have been charged under the incest statute, § 6–4–402, W.S.1977 [3] (the victims of appellant's acts were his daughters, ages four and six years), which he contends to be a special statute and an exception to the sexual-assault and indecent-liberties-with-a-minor statutes, and (2) that the court abused its discretion in imposing the sentences.

We affirm.

## SPECIAL STATUTE

■ Appellant's contention that the incest statute, § 6–4–402, W.S.1977, is a special statute barring his conviction under the second-degree sexual-assault statute, § 6–2–303, W.S.1977, or under the indecent-liberties-with-a-minor statute, § 14–3–105, W.S.1977, is being raised for the first time on appeal. He did not move to dismiss the information or the amended information to which he pled guilty, and he did not move to withdraw his plea of guilty. The contention was never presented to the trial court.

"The general rule applicable in criminal cases is that by pleading guilty the defendant is deemed to have admitted all of the essential elements of the crime charged and he thereby waives all nonjurisdictional defenses. [Citations.] A criminal defendant does not, however, waive the right to challenge the constitutionality of the statute defining the crime to which he enters a plea of guilty by virtue of his plea.  * * * " *Armijo v. State*, Wyo., 678 P.2d 864, 867 (1984).

Appellant does not argue lack of jurisdiction. The district court had jurisdiction over appellant, and it had criminal jurisdiction over the offenses charged and the offense appellant contends should have been charged. Any constitutional challenge was settled in *United States v. Batchelder*, 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979), which involved two separate offenses of felons in possession of firearms, carrying different penalties.

" * * * That this particular conduct may violate both Titles does not detract from the notice afforded by each. Although the statutes create uncertainty as to which crime may be charged and therefore what penalties may be imposed, they do so to no greater extent than would a single statute authorizing various alternative punishments. So long as overlapping criminal provisions clearly define the conduct prohibited and the punishment authorized, the notice requirements of the Due Process Clause are satisfied.

"B

"This Court has long recognized that when an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants.  * * *

"The Court of Appeals acknowledged this 'settled rule' allowing prosecutorial choice. 581 F.2d [626] at 632 [CA 7 1978]. Nevertheless, relying on the dissenting opinion in *Berra v. United States*, 351 U.S. 131, 76 S.Ct. 685, 100 L.Ed. 1013 (1956), the court distinguished overlapping statutes with identical standards of proof from provisions that vary in some particular. 581 F.2d, at 632–633. In the court's view, when two statutes prohibit 'exactly the same conduct,' the prosecutor's 'selection of which of two penalties to apply' would be 'unfettered.' Id., at 633, and n. 11. Because such prosecutorial discretion could produce 'unequal justice,' the court expressed doubt that this form of legislative redundancy was constitutional. Id., at 631. We find this analysis factually and legally unsound.

"Contrary to the Court of Appeals' assertions, a prosecutor's discretion to choose between §§ 922(h) and 1202(a) is not 'un-

**3.** Section 6–4–402, W.S.1977, provides in pertinent part:

"(a) A person is guilty of incest if he knowingly commits sexual intrusion, * * * or sexual

contact * * * with an ancestor or descendant * * *."

fettered.' Selectivity in the enforcement of criminal laws is, of course, subject to constitutional constraints. [By footnote the Court referenced this statement to selective enforcement 'based upon an unjustifiable standard such as race, religion, or other arbitrary classification.'] And a decision to proceed under § 922(h) does not empower the Government to predetermine ultimate criminal sanctions. Rather, it merely enables the sentencing judge to impose a longer prison sentence than § 1202(a) would permit and precludes him from imposing the greater fine authorized by § 1202(a). More importantly, there is no appreciable difference between the discretion a prosecutor exercises when deciding whether to charge under one of two statutes with different elements and the discretion he exercises when choosing one of two statutes with identical elements. In the former situation, once he determines that the proof will support conviction under either statute, his decision is indistinguishable from the one he faces in the latter context. The prosecutor may be influenced by the penalties available upon conviction, but this fact, standing alone, does not give rise to a violation of the Equal Protection or Due Process Clause. [Citations.] Just as a defendant has no constitutional right to elect which of two applicable federal statutes shall be the basis of his indictment and prosecution neither is he entitled to choose the penalty scheme under which he will be sentenced. [Citations.]

"C

"Approaching the problem of prosecutorial discretion from a slightly different perspective, the Court of Appeals postulated that the statutes might impermissibly delegate to the Executive Branch the Legislature's responsibility to fix criminal penalties. [Citations.] We do not agree. The provisions at issue plainly demarcate the range of penalties that prosecutors and judges may seek and impose. In light of that specificity, the power that Congress has delegated to those officials is no broader than the authority they routinely exercise in enforcing the criminal laws. Having informed the courts, prosecutors, and defendants of the permissible punishment alternatives available under each Title, Congress has fulfilled its duty. [Citation.]" (Bracketed material added and footnotes omitted.) Id., 99 S.Ct. at 2204–2205.

All three statutes (sexual assault, indecent liberties with a minor, and incest) concern sexual activities, but one cannot be said to be more specific than the other. The thrust of the second-degree sexual-assault statute and of the indecent-liberties-with-a-minor statute is age. They are more specific in this respect than is the incest statute. The thrust of the incest statute is family relationship. It is more specific in this respect than are the second-degree sexual-assault statute and the indecent-liberties-with-a-minor statute. There is overlap of elements among them, but the elements of the several offenses are not identical. Furthermore, *United States v. Batchelder*, supra, would permit the choice of charges by the prosecutor even if the elements of these offenses were identical.

### SENTENCE

▮ The sentence was within the limits set by statute. Before imposing sentence, the court considered the probation report, the report from the Wyoming State Hospital, the comments of the defense and the comments of the prosecution. There is nothing in the record to indicate that the court did not consider all aspects of the appellant's character, of the crime and its circumstances, and the purposes of sentence outlined in *Wright v. State*, Wyo., 670 P.2d 1090 (1983). The fact that the court commented on incidents of sexual assault other than those to which appellant pled guilty and that punishment was a purpose of the sentence does not mean that these are the only factors considered. We are reluctant to review the length of a sentence imposed when it is within the limits set by statute, and will not disturb a

sentence absent a clear abuse of the trial court's discretion. *Ventling v. State,* Wyo., 676 P.2d 573 (1984); *Wright v. State,* supra.

Affirmed.