James M. COOK, Jr., Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 85-42.

Supreme Court of Wyoming.

Dec. 12, 1985.

Leonard D. Munker, Public Defender, Martin J. McClain, Appellate Counsel, and Denise Nau (argued), Asst. Appellate Counsel, Cheyenne, for appellant (defendant).

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Senior Asst. Atty. Gen., and Thomas A. Maurer (argued), Asst. Atty. Gen., for appellee (plaintiff).

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

CARDINE, Justice.

After a jury trial, the appellant, James Cook, was convicted of one count of aggravated assault and battery and one count of aggravated burglary. The district court sentenced him to a term of five to five and one-half years in the Wyoming State Penitentiary on each count, the sentences to run concurrently. We must decide whether the trial judge considered the available sentencing alternatives before he made his sentencing decision. We are also asked to reconsider our decision in *Williams v. State*, Wyo., 692 P.2d 233 (1984), where we held that a trial judge has no authority to impose a sentence below the statutory minimum unless he suspends the sentence entirely or grants probation. We affirm.

FACTS

In the fall of 1981, the appellant and Linda Hensley began dating. They had a stormy relationship which ended in March of 1984 when Ms. Hensley kicked the appellant out of her mobile home. Later that spring, Ms. Hensley met Floyd Lanphear, a truck driver, while she was socializing at a local bar. They agreed to go to dinner and a movie, but Ms. Hensley cancelled that

date the next day when her nine-year-old daughter, Rebecca, was seriously injured in an automobile accident. Mr. Lanphear visited the Hensleys at the hospital and in their mobile home when Rebecca was released to her mother's care.

On the evening of the incident resulting in the charges here involved, appellant had been drinking heavily and telephoned Ms. Hensley. She told him that she had company and did not want him to come over. He, nevertheless, came to her mobile home and forced his way in. After a heated discussion with Ms. Hensley, he left, only to return later with a rifle. He forced Lanphear out of the trailer at gunpoint. Lanphear retreated to his truck and started the engine. Before he could drive off, he realized the appellant was aiming the rifle at him from the porch of the mobile home. Lanphear jumped out of the cab and fled as the appellant shot the windows out of the truck. Appellant shot the truck eighteen times. He then returned to his home where police arrested him.

The appellant was charged with aggravated burglary and attempted second-degree murder. A jury found him guilty of aggravated burglary and aggravated assault and battery, a lesser-included offense of attempted second-degree murder.

The crime of aggravated assault and battery is punishable by a term of not more than ten years in the penitentiary, as provided in § 6–2–502(b), W.S.1977. Aggravated burglary is punishable by a term of not less than five nor more than twenty-five years in the penitentiary, as provided by § 6–3–301(c), W.S.1977. At sentencing, the trial judge decided that the burglary deserved incarceration. In his discussion of that charge, the judge stated that he might be inclined to give a sentence of less than five years for the offense of aggravated burglary but was required to give the statutory minimum. He sentenced the appellant to a term of five to five and one-half years on the aggravated burglary conviction and five to five and one-half years upon the aggravated assault and battery

conviction and specified that the sentences run concurrently.

## THE TRIAL COURT'S CONSIDERATION OF SENTENCING ALTERNATIVES

If a trial judge premises his sentence on a mistaken reading of the law, he abuses his discretion. We remanded *Peterson v. State*, Wyo., 586 P.2d 144, 157 (1978), for reconsideration of the sentence imposed because the "trial judge was mistaken in reading too narrowly the permissible alternatives under the statute in question." One of the alternatives that the trial judge must usually consider is probation. *Sanchez v. State*, Wyo., 592 P.2d 1130, 1137 (1979). We have strongly recommended that trial judges explain in the record their reasons for denying probation. *Wright v. State*, Wyo., 670 P.2d 1090, 1095 (1983). In the case at bar, the court denied probation. We will, therefore, first analyze our case law and statutes to determine what sentencing options involving probation were available to the court. Thereafter, we will review the record to ascertain whether the court considered those options before determining sentence.

In *Williams v. State*, supra, 692 P.2d at 235, we held that "[a] court may not assess punishment below a mandated minimum term." We pointed out, however, that § 7–13–301, W.S.1977, permits a trial court to suspend a sentence entirely and place a defendant on probation for all crimes other than those punishable by life imprisonment or death. In other words, the court cannot impose a hybrid sentence of probation and incarceration which results in a prison term below the statutory minimum but instead must choose between probation and the statutory range of sentence provided in the applicable statute.

The appellant was convicted of aggravated burglary, which carries a statutory minimum sentence of five years and a maximum sentence of 25 years imprisonment. He was also convicted of aggravated assault and battery which carries a ten-year maximum sentence. Under the *Williams*

rule, the appellant could have been placed on probation or to a term not to exceed ten years imprisonment upon the assault charge. Under the burglary charge, the trial court could have sentenced the appellant to a period of incarceration of not less than five years nor more than 25 years or placed appellant on probation. Because of the two-count conviction, the trial court had available many sentencing combinations within these statutory limits.

There is no dispute that the trial judge's actual sentence fell within the parameters of the *Williams* rule as it is applied to these criminal statutes. The court sentenced the appellant to separate terms of five to five and one-half years imprisonment on each conviction. The sentences were well within the ranges prescribed by the legislature in the applicable statutes.

The real issue here is whether the trial court understood all of the possibilities before ordering this admittedly lawful sentence. Appellant argues that the court did not understand that it could suspend his sentence on the burglary charge and sentence him to a term of less than five years on the assault charge. He claims that the trial judge thought that a five-year sentence was absolutely required. He cites us to the following statement by the trial judge: "My conclusion at this point, at least, is that the Court is required to sentence your client to a minimum of five years * * *."

We cannot accept the appellant's interpretation of the trial court's statement. When the trial judge said that he was required to sentence the defendant to five years, he was discussing the aggravated burglary conviction alone, not both convictions together. And when he concluded that the minimum sentence for burglary was required, we believe he premised that conclusion on the fact that the appellant deserved prison time on that charge. The judge was absolutely correct that, if he gave the appellant a prison term on the burglary charge, that term would have to be at least five years.

While the judge seemed to suggest that he might have given a prison sentence of less than five years on the burglary charge, if that were possible, the record does not establish that he would have done so. The fact that he imposed a second five-year sentence on the assault charge, even though there was no statutory minimum requiring a five-year sentence, belies that proposition.

In summary, the record indicates that the trial judge fully understood his lawful sentencing alternatives, including probation. The sentence he chose fell within that range of alternatives and must be affirmed unless we overrule our *Williams* decision and hold that the court could have imposed a sentence below the minimum prescribed by the legislature.

### THE SOUNDNESS OF WILLIAMS v. STATE

The appellant asks us to overrule *Williams v. State*, supra, a case we decided last year. He claims that the *Williams* holding restricts the sentencing flexibility of trial courts because it prevents them from setting terms of imprisonment below the statutory minimum. This assertion by appellant is accurate; and we reaffirm what we said in *Williams*, i.e., "it is for the legislature to determine whether [a new approach] ought to be adopted." 692 P.2d at 236. The appellant does not cite any authority that allows us to nullify the legislature's decision to create minimum sentences. On the other hand, in the *Williams* opinion, we cited much authority from Wyoming and elsewhere for the proposition that the power to prescribe punishment rests with the legislature. *Williams v. State*, supra at 235. We decline to overrule *Williams*.

Affirmed.