Bradley **HEIER,** Appellant, (Defendant),

v.

**The STATE of Wyoming,**
**Appellee (Plaintiff).**

No. 86–98.

Supreme Court of Wyoming.

Nov. 6, 1986.

Leonard D. Munker, State Public Defender and Julie D. Naylor, Appellate Counsel, Public Defender Program, Cheyenne, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., Judith A. Patton, Asst. Atty. Gen., Donald Miller, Legal Intern, Cheyenne, for appellee.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Justice.

Appellant Bradley Heier was convicted by a Sweetwater County jury of burglary and sentenced by the court to a term in the state penitentiary. On appeal appellant raises two issues:

"Whether the trial court erred in refusing to grant a new trial based on Appellant's testifying without being sworn.

"Whether the trial court abused its discretion in refusing to give credit against Appellant's sentence for time served in presentence confinement."

We will affirm the judgment of conviction and modify the sentence.

I

During trial, at the close of opening statements, the court asked that all prospective witnesses be sworn at the same time. The court reporter noted that all the prospective witnesses had been sworn in by the clerk of court. At the conclusion of the trial and after a guilty verdict had been returned, appellant filed affidavits stating that he had not been sworn at the time the other witnesses were sworn. Based on this alleged neglect, appellant asked for, and was denied a new trial.

Appellant brings to our attention Rule 603, Wyoming Rules of Evidence, which states:

"Before testifying, every witness shall be required to declare that he will testify truthfully, by oath or affirmation administered in a form calculated to awaken his conscience and impress his mind with his duty to do so."

Appellant reminds us that use of the word "shall" usually indicates a mandatory intent. *Mayland v. State*, Wyo., 568 P.2d 897 (1977). The main thrust of appellant's argument, however, is that because he was not sworn, "The jury could easily have given less credence to appellant's testimony."

In *Larsen v. State*, Wyo., 686 P.2d 583, 587 (1984) this court said, "It is generally held that the failure to require an oath or affirmation before testifying must be raised by objection or it is considered waived." The *Larsen* case cited *United States v. Perez*, 651 F.2d 268 (5th Cir.1981), wherein the defendant objected on appeal that a witness had not been sworn as required by Rule 604, Federal Rules of Evidence. Defense counsel did not object at

trial. The Fifth Circuit held that Perez waived his objection by failing to bring the matter to the trial court's attention:

> "It has long been the general rule that even a failure to swear a witness may be waived. This may occur either by knowing silence and an attempt to raise objections after verdict *or by the mere failure of counsel to notice the omission before completion of the trial.* * * *" (Emphasis added.) *United States v. Perez,* supra, at 273.

In *Wilcoxon v. United States,* 231 F.2d 384 (10th Cir.1956), cert. denied 351 U.S. 943, 76 S.Ct. 834, 100 L.Ed. 1469, acting on the premise that the witnesses gave testimony without being under oath, the Tenth Circuit found that when the testimony was given in the presence of appellant and his attorney it then became their duty to take notice in the several steps in the proceedings. That duty necessarily included notice of the manner in which the oath was administered to the witness. The court held that the appellant and his counsel could not stand by silently during testimony and then urge on appeal that the witness had testified without being under oath and that such required reversal of his conviction.

> " * * * By failing to bring the matter to the attention of the trial court in some manner until after completion of the trial, he effectively waived the right to seek a new trial on that ground. * * *" *Wilcoxon v. United States,* supra, at 387.

■ In the case before us the unsworn witness (appellant) testified after being called by his attorney. Accordingly, appellant and his attorney were ultimately responsible for securing testimony under oath. Since appellant failed to object to the omission of the oath and since he was in the best position to realize that no oath was given, the oath was effectively waived. Under the circumstances here, we do not believe that the inadvertent omission to administer an oath to appellant constituted error.

■ The value and purpose of the oath is twofold: 1) it is meant to bind the conscience of the witness; and 2) to make him amenable to prosecution if he gives perjured information. *Wilcoxon v. United States,* supra. It is speculative to contend that an oath serves to impress the jury with the witness' credibility. This is particularly true in this case. In his brief, appellant says, "It slipped everyone's mind that he (appellant) had not been sworn." If this neglect slipped the minds of the trial court, respective attorneys, and the appellant, how can we imagine it was noted by the jury or if such omission in any way influenced the jury? Appellant has not demonstrated any prejudice.

II

Appellant was sentenced for not less than eight years and not more than ten years. The maximum penitentiary sentence for burglary is ten years. § 6-3-301(b), W.S.1977 (June 1983 Replacement).

■ Appellant was indigent and was in presentence confinement for sixty days. The trial court did not give appellant any credit for pretrial confinement. Appellant contends that he should be given credit for presentence confinement off both the minimum and maximum sentence.

In *Pote v. State,* Wyo., 695 P.2d 617, 629 (1985), we said:

> " * * * This sentence was the statutory maximum. One hundred fifty-seven days spent in pre-trial confinement plus the ten years sentence exceeds the statutory limit of ten years. Therefore, appellant is technically entitled to receive a full 157 days credit on the upper limits of his sentence for concealing stolen property. * * *"

As an indigent, appellant is entitled to credit for sixty days off the maximum sentence. *Pote v. State,* supra. Otherwise, the time spent in presentence confinement plus the ten year sentence would exceed the statutory maximum of ten years.

In *Munden v. State,* Wyo., 698 P.2d 621, 627 (1985), we said:

"With regard to such credit being given against appellant's minimum terms, we again decline to accept the proposition espoused by the public defender's office and hold that '[t]here is no fundamental right to credit for presentence custody beyond that which will result in more jail time than that authorized by law.' [Citation.]"

■ A minimum sentence need not be reduced by the time spent in presentence detention. This is within the discretion of the judge and we will reverse only when there is an abuse of discretion. In *Martin v. State*, Wyo., 720 P.2d 894 (1986), citing *Scheikofsky v. State*, Wyo., 636 P.2d 1107 (1981), we stated that appellant has the burden of showing an abuse of discretion and circumstances which manifest inherent unfairness and injustice. Abuse of discretion has been defined in *Martinez v. State*, Wyo., 611 P.2d 831, 838 (1980), as an error in law which exceeds the "bounds of reason under the circumstances." In determining appellant's sentence, the trial court considered appellant's extensive record and other "compelling reasons indicated by the presentence investigation." Nothing in the record indicates an abuse of discretion, and appellant has offered no cogent argument nor authority that would support such a showing.

We affirm the judgment and sentence; however, we direct that the court modify the judgment and sentence to give appellant sixty days credit on the maximum portion of his sentence.