Charles Boyd JONES, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 88–167.

Supreme Court of Wyoming.

March 21, 1989.

Leonard D. Munker, State Public Defender, Steven E. Weerts, Senior Asst. Public Defender, and Michael J. French, Student Intern, WPDP, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Karen A. Byrne, Senior Asst. Atty. Gen., and Paul S. Rehurek, Asst. Atty. Gen., for appellee.

Before CARDINE, C.J., and
THOMAS, URBIGKIT, MACY and
GOLDEN, JJ.

URBIGKIT, Justice.

Appellant Charles Boyd Jones, in two stated issues, presents the propriety of a sentence which effectively gave him a minimum sentence that is longer than his maximum sentence as to whether:

[A] sentencing judge is constitutionally required to give an indigent defendant full credit against both his minimum and maximum sentences for time served in presentence confinement.

[T]he district court erred in concluding that it lacked discretion to credit Appellant's minimum sentence with the time spent in presentencing incarceration.

The State, as appellee, added a third issue asking if:

[T]he sentencing court lacked jurisdiction to credit appellant's sentence with time in excess of that actually spent in presentence confinement?

■ On July 22, 1987, a jury found appellant guilty of aggravated assault, an offense which occurred on October 8, 1986. Appellant was then additionally adjudged to be a habitual criminal under W.S. 6–10–201(b)(i).[1] Accordingly, on May 5, 1988, the trial court sentenced appellant to the Wyoming State Penitentiary for a term of ten to eleven years and seven months, fined him $1,000, required reimbursement for the public defender attorney's fee, and imposed the $50 victim's compensation surcharge.[2]

Noting that appellant, due to his indigence, had been unable to post bond and had therefore remained incarcerated for one year, four months and ten days prior to sentence imposition, the trial court did credit served time against the sentence term. However, the trial court struggled with uncertainty of whether, in light of the statutorily mandated sentencing range for habitual criminals, it could apply such credits to the minimum term of ten years. Thus, the trial court doubled the credit for time served prior to sentencing and applied that credit of thirty-three months against the maximum term. The final result was an incongruous sentence with a minimum term of ten years and a maximum term of eight years and ten months.

■ W.S. 7–13–201[3] pertains to indeterminate sentencing and provides:

Except where a term of life is required by law, or as otherwise provided by W.S. 7–13–101, when a person is sentenced for the commission of a felony, the court imposing the sentence shall not fix a definite term of imprisonment but shall establish a maximum and minimum term within the limits authorized for the statute violated. The maximum term shall not be greater than the maximum provided by law for the statute violated, and the minimum term shall not be less than the minimum provided by law for the statute violated, *nor greater than nine-*

---

1. W.S. 6–10–201 provides:

    (a) A person is an habitual criminal if:
    (i) He is convicted of a violent felony; and
    (ii) He has been convicted of a felony on two (2) or more previous charges separately brought and tried which arose out of separate occurrences in this state or elsewhere.
    (b) An habitual criminal shall be punished by imprisonment for:
    (i) Not less than ten (10) years nor more than fifty (50) years; if he has two (2) previous convictions;
    (ii) Life, if he has three (3) or more previous convictions.

2. On resentencing, appellant should be sentenced under the law in effect at the date of the offense and not the more restrictive and punitive attorney's fee reimbursement and victim's surcharge provisions since enacted, W.S. 8–1–107 and W.S. 6–1–101. The proper statutory provisions relating to attorney's fee repayment to be applied are W.S. 7–1–110 (1977); W.S.

7–1–112 (1977); and W.S. 7–1–114 (1977). The victim's compensation statute in effect at the time of this offense was W.S. 1–40–119 (1986 Cum.Supp.), which differs markedly from the present W.S. 1–40–119 and provided for a $25 surcharge.

If indigence is established, its effect on sentences should be considered under the purview of the law in effect at the date of the offense where subsequent changes become more punitive. For further discussion of indigence, see *Bearden v. Georgia,* 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); *Tate v. Short,* 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971); and *Williams v. Illinois,* 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970).

3. The present W.S. 7–13–201 is applicable to this case rather than the former law because, although the "ninety percent clause" became effective after May 22, 1987, it is more lenient. See *Attletweedt v. State,* 684 P.2d 812 (Wyo. 1984) and W.S. 6–1–101(c).

*ty percent (90%) of the maximum term imposed.* [Emphasis added.]

Initially, the minimum and maximum terms of the imposed sentence did not exceed the limits required by Wyoming's habitual criminal statute; however, it is obvious that the ten year minimum sentence is greater than ninety percent of the maximum sentence of eight years and ten months. The trial court, by effectively re-designating the actual minimum term as the maximum term, has impermissibly violated the substantial public policy underlying the state's indeterminate sentencing statute.

The legislature added the "ninety percent clause" to the final sentence of W.S. 7–13–201 in response to decisions of this court in *Brown v. State,* 736 P.2d 1110 (Wyo.1987) and *Duffy v. State,* 730 P.2d 754 (Wyo. 1986). In both of those cases, the trial courts had imposed sentences with negligible differences between the minimum and maximum terms. Such manipulation of the statute as it existed prior to amendment deprived the parole authorities of a valuable tool with which to perform the duties designated to them by the legislature. By requiring a more substantial difference between the minimum and maximum terms of a sentence, the legislature returned to the parole authorities the ability to encourage the reformation of prisoners and the ability to more effectively manage the size of the prison population through the award of good time and special good time credits against sentences. Essentially, the legislature sought to prevent a situation of an exemplary behaved prisoner serving close to his maximum sentence before he was eligible for parole.[4] *Duffy,* 730 P.2d at 761–83 (Urbigkit, J., dissenting).

**TIME OFF THE MINIMUM SENTENCE**

■ Appellant argues that the trial court is required by his indigence and the Equal Protection Clause of the United States Constitution to credit his mandatory minimum sentence with the presentence time served. We have repeatedly held that an indigent only has a constitutional right to have the maximum term of his sentence reduced by presentence time served. This reduction mandatorily occurs when the sum of pre-sentence incarceration and post-sentence imprisonment exceeds the maximum term allowable by the statute under which the individual was sentenced. *Heier v. State,* 727 P.2d 707, 709–10 (Wyo.1986); *Munden v. State,* 698 P.2d 621, 627 (Wyo.1985); *Jones v. State,* 602 P.2d 378 (Wyo.1979).

Appellant points out other courts have held that the denial of credit for presentence time served subjects an indigent to a different and more severe treatment than that suffered by a non-indigent, thereby violating his constitutional right to equal protection under the law. See *Johnson v. Prast,* 548 F.2d 699, 702 (7th Cir.1977); *King v. Wyrick,* 516 F.2d 321, 323 (8th Cir.1975); *State v. Phelan,* 100 Wash.2d 508, 671 P.2d 1212, 1215 (1983), applying intermediate level of scrutiny to denial of credit against discretionary minimum terms; *Martin v. Leverette,* 161 W.Va. 547, 244 S.E.2d 39, 42 (1978), anchoring the right to the Equal Protection Clause of the West Virginia Constitution; and Annotation, *Right to Credit for Time Spent in Custody Prior to Trial or Sentence,* 77 A.L.R.3d 182 (1977). In dicta, we have implicitly expressed some agreement with this view.[5]

---

**4.** See W.S. 7–13–402 which denies the state board of parole the authority to grant a parole unless the prisoner has served the minimum term of his sentence, less special good time granted to him.

**5.** In relating this equal protection issue to the discretionary authority of the sentencing court, we have held, although not phrased precisely in this manner, that the sentencing judge lacks discretion to deny credit for presentence time served when both conditions are met: (1) when presentence incarceration was due to the defen-

dant's indigence, and (2) when that incarceration combined with the time to be served after sentencing exceeded the maximum term set by statute. *Munden,* 698 P.2d at 627; *Jones,* 602 P.2d at 381. Recently, however, we augmented this rule to deny the sentencing court authority to withhold such credit where either condition exists alone.

Prior applications of this test have treated it as conjunctive. * * * Further reflection on *Jones v. State,* Wyo., 602 P.2d 378 (1979), has convinced us that the test should be perceived as disjunctive. Different concerns are raised

Trial courts have a broad discretion to determine the appropriate length and conditions of imprisonment in a variety of situations. We recognize that within the statutory limits, trial courts may give consideration to a wide range of factors relevant to their sentencing decisions, and that few of those factors are capable of precise quantification when translated into the final imposition of the term for incarceration. This court refrains from disturbing sentencing decisions absent a clear abuse of discretion. *Munden,* 698 P.2d at 626; *Jones,* 602 P.2d at 380; *Williams v. Illinois,* 399 U.S. 235, 241–43, 90 S.Ct. 2018, 2022–23, 26 L.Ed.2d 586 (1970).

▮ When an indigent is incarcerated for a period, including the presentence time, which exceeds the maximum penalty for his offense, it is unquestionable that he has been punished more severely than one who could afford to obtain presentence release. The sentencing court in such an instance, by violating a defendant's right to equal protection, has clearly abused its discretion. *Matthews v. Dees,* 579 F.2d 929, 931 (5th Cir.1978). However, when a sentence is within the statutory range, it is difficult to say which factors formed the basis for the sentencing court's decision to determine whether credit was actually given for time served.

▮ There is division among the appellate courts that have encountered this difficulty as to whether they should presume that sentencing courts adhered to their constitutional duties and granted such credit. *Godbold v. Wilson,* 518 F.Supp. 1265, 1267 n. 5 (D.Colo.1981). Appellant urges us to follow the lead of those courts who refuse to grant that presumption on review.[6] We find no mandated advantage in selection of this application. For example, the court in Godbold, pursuant to a federal habeas corpus petition, declared that sentencing courts would be required to explicitly credit defendants with presentence time served

by each prong of the test. Indigence invokes the constitutional requirements of equal protection; imprisonment in excess of the term set by statute raises jurisdictional concerns. *Lightly v. State,* 739 P.2d 1232, 1233–34 n. 1 (Wyo.1987).

when that incarceration occurred solely because of indigence. Absent an express reference to the credit in the sentencing orders, that court indicated it would find such sentences unconstitutional. That court freely admitted, however, that the sentencing court could, through the legitimate exercise of its discretionary power, merely increase sentences so as to avoid the intended effect of the decision. Id. at 1269.

▮ We anticipate that trial courts adhere to constitutionally limiting criteria and apply the presumption of compliance on an appeal challenging length of sentence. In constitutional perspective, the sentencing court was required separately to credit presentence time served to the *minimum* term of appellant's sentence. This is the mandatory, not discretional issue of confinement credit application.

## JURISDICTION TO CREDIT AGAINST MINIMUM SENTENCE

The record suggests that the trial court wished to fashion a sentence which would reduce the length of appellant's incarceration. Uncertain as to whether it had authority to credit presentence time served against a mandatory minimum sentence, the trial court attempted to avoid this jurisdictional problem by emplacing the ungainly sentence now presented. In order that the trial court may exercise the full range of its sentencing authority on remand, we clarify.

This court has frequently held that, although it is not constitutionally required that the minimum term of a sentence be explicitly reduced for presentence incarceration, the power to do so dwells firmly within the discretion of the trial court. *Harley v. State,* 737 P.2d 750, 756 (Wyo. 1987); *Heier,* 727 P.2d at 710. Those holdings might seem inconsistent with the plain language of our indeterminate sentencing

6. For further discussion of this position, see *Johnson,* 548 F.2d at 700 and *King,* 516 F.2d at 324.

statute [7] and a number of cases in which we have denied the sentencing court the power where required to impose a mandatory minimum sentence and to substitute probation for a portion of the sentence. *Cook v. State,* 710 P.2d 824 (Wyo.1985); *Williams v. State,* 692 P.2d 233 (Wyo. 1984); *Evans v. State,* 655 P.2d 1214 (Wyo. 1982). A substantial distinction can be drawn, however, between those cases and the issue presently before us.

■ In those cases, the sentencing courts, under statutory authority which permitted them to "suspend the execution of all or a part of a sentence," [8] created hybrid sentences, the total terms of which were within statutory limits. W.S. 7–13–301 (1977). However, since those sentences were composed partially of probation time and partially of confinement for less than the mandatory minimum, we held that those sentencing courts had exceeded the limits of their discretionary powers. *Cook,* 710 P.2d at 825; *Williams,* 692 P.2d at 235–36; *Evans,* 655 P.2d at 1224. Not only had those sentencing courts interfered with powers more properly belonging to the parole board, they had usurped the power of the legislature to set fitting punishments for the offenses it had defined.

*Williams,* 692 P.2d at 235–36. Similar considerations do not exist in the present case. Here, the trial court merely determined that the total time actually served by appellant would range between the mandatory minimum term required for a habitual criminal and eleven years and seven months. There was no attempt to set a punishment for a lesser period of incarceration than that which the legislature has determined to be minimally fitting. We therefore hold that it is firmly within the discretionary sentencing authority of the trial court to credit the mandatory minimum term of an indigent's sentence with presentence time served. [9]

## DOUBLING OF PRESENTENCE TIME SERVED

■ Appellee, without filing a cross appeal, now questions the propriety of the trial court's doubling of presentence time served and applying the double credit against the maximum term of appellant's sentence. The issue will be addressed since resentencing will be required. While we can find no authority clearly supporting or opposing such a practice, common sense and logic lead us to conclude that it is not a discretionary option for the trial court. [10]

7. "[T]he minimum term shall not be less than the minimum provided by law for the statute violated, * * *." W.S. 7–13–201.

8. W.S. 7–13–301 (1977), the statute at issue in those cases, was amended by Wyo.Sess.Laws ch. 157, § 3 (1987), to conform with the holdings of *Cook,* 710 P.2d 824, *Williams,* 692 P.2d 233, and *Evans,* 655 P.2d 1214. Now codified as W.S. 7–13–301, the statute no longer contains the "all or a part" language.

9. The dissent's citation of *Cook,* 710 P.2d 824 and *Williams,* 692 P.2d 233 to the contrary is misplaced. A review of each of the four court records as involved in the two appeals has been made for historical accuracy in order to respond to the dissent. In each of those cases included, *Cook,* 710 P.2d 824; *Williams,* 692 P.2d 233; *Garcia v. State,* 692 P.2d 233 (Wyo. 1984) and *Harrison v. State,* 692 P.2d 233 (Wyo. 1984), where the issue considered on appeal was entry of a sentence below the statutory minimum, *the trial court had provided a sentence equal to the statutory minimum and deducted therefrom a credit for pretrial incarceration.* The propriety of the provision in each of those sentences which did give credit for that pretrial

incarceration against a statutory minimum sentence was not raised by the State on appeal nor considered by this court in its opinions. *No Wyoming authority which would invalidate what was done in those four cases can be found to the contrary.* An analysis that the trial court does not have jurisdiction to give credit for pretrial incarceration invokes the imprisonment for debt prohibition enjoined by Wyo. Const. art. 1, § 5 and both the Fourteenth Amendment and the Equal Protection Clause of the United States Constitution. *Bearden v. Georgia,* 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); *Griffin v. People of the State of Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, reh'g denied 351 U.S. 958, 76 S.Ct. 844, 100 L.Ed. 1480 (1956). *Cf. Williams,* 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586.

10. This court has previously noted that an abuse of discretion may arise when the trial court's actions, under the particular circumstances, exceed the bounds of reason. *Duffy,* 730 P.2d at 757–58. Similarly denied for exercised discretion is presentence confinement credit given for each consecutive sentence, *State v. Cuen,* 158 Ariz. 86, 761 P.2d 160 (App.1988).

Consideration of fairness and substantial justice may make it appropriate and indigence may make it necessary that the trial court consider credit on sentence for time spent in presentence incarceration, but this consideration is not extended to served sentence credit in excess of time actually incarcerated. If the sentencing court considers mitigating factors other than presentence incarceration, discretion can be applied within sentencing limits fashioned by the legislature. Consequently, doubling of presentence incarceration credit is unjustified as well as unauthorized and constitutes an abuse of discretion by the sentencing court. In this posture, we agree with appellee as a resentencing limitation.

Reversed and remanded for resentencing in accord with this opinion.

THOMAS, J., filed a concurring and dissenting opinion, with whom GOLDEN, J., joined.

THOMAS, Justice, concurring and dissenting, with whom GOLDEN, Justice, joins.

I agree that this case must be reversed and remanded for resentencing. In deciding to reduce the maximum term by twice the pre-trial confinement time, the sentencing judge clearly went overboard. It might even be said that he walked the plank. Consequently, I must agree that resentencing in accordance with law is appropriate.

I cannot join in the holding or rationale of the majority with respect to the credit for pre-trial incarceration against the minimum sentence. In this instance, the statute clearly provides for a minimum term of imprisonment of not less than ten years. In the light of both the legislative mandate set forth in § 7–13–201, W.S.1977, and the prior pertinent holdings of this court in *Cook v. State*, 710 P.2d 824 (Wyo.1985), and *Williams v. State*, 692 P.2d 233 (Wyo. 1984), I am convinced that the trial court correctly concluded it had no authority to reduce the minimum term below ten years.[1] In *Williams* and *Cook*, this court held that a sentencing court cannot assess punishment below a mandated minimum term. The reliance by the majority upon *Harley v. State*, 737 P.2d 750 (Wyo.1987), and *Heier v. State*, 727 P.2d 707 (Wyo.1986), to establish the discretionary authority of the trial court to do so is misplaced. In neither instance did the statute prescribe a mandatory minimum term. Consequently, the controlling authority is *Williams*.

In its present form, § 7–13–201 perhaps makes the situation a bit awkward because the maximum term must be eleven years, one month, and ten days when the minimum term is ten years. In this instance, in order then to credit pre-trial confinement against the maximum term, which I agree the court was required to do, the maximum term had to be at least twelve years, five months, and twenty days. In my judgment, that becomes, by operation of § 7–13–201 and the requirement that Jones receive credit on his maximum sentence for pre-trial incarceration, the minimum maximum term which the court lawfully could impose.

Any other result infringes upon the constitutional prerogatives of both the legislative department and the executive department of state government. There can be

---

1. In the case of *Williams v. State*, 692 P.2d 233 (Wyo.1984), the district court, mistakenly in my view, did enter a Judgment and Sentence of the Court which provided that credit should be given for time served against both the minimum and maximum sentences. The State has no appeal in such an instance, and that fact does not serve to dilute the holding that the sentencing court cannot assess punishment below a mandatory minimum term. In *Cook v. State*, 710 P.2d 824 (Wyo.1985), the district court entered a Judgment and Sentence which provided that the defendant was "to serve a term of not less than five (5) years nor more than five and one-half (5½) years on each count with credit for 168 days already served in the Natrona County Jail, * * *." The file discloses that the executive department, through the staff of the Wyoming State Penitentiary, interpreted that Judgment and Sentence to the end that credit of 168 days was given off the maximum sentence only, and his minimum release date was computed to end at the expiration of the full five years of the minimum sentence. This construction of the Judgment and Sentence was communicated to the sentencing judge who apparently was satisfied with the interpretation by the penitentiary staff. The net result in *Cook* is not consistent with a conclusion that the sentencing court gave credit for pre-trial confinement against both the maximum and minimum sentence.

no question that the power to prescribe punishment is the prerogative of the legislative department. E.g., *Baum v. State,* 745 P.2d 877 (Wyo.1987); *Williams,* 692 P.2d 233; *Evans v. State,* 655 P.2d 1214 (Wyo.1982); and *Chavez v. State,* 604 P.2d 1341 (Wyo.1979), cert. denied 446 U.S. 984, 100 S.Ct. 2967, 64 L.Ed.2d 841 (1980). The imposition of a minimum sentence less than the mandatory minimum term established by the legislature is a clear violation of the separation of powers doctrine.

The question of what sentence appropriately may be imposed is an entirely different one from a determination of how much of that sentence has been served. Because the authority of the sentencing court is circumscribed with respect to a mandatory minimum term prescribed by the legislature, any effort by the sentencing court to determine how much of that term may already have been served infringes upon the prerogative of the executive department of state government. The majority, I believe adequately, justifies the authority of the executive department to determine the fact of whether a sentence has been served. If the question before us were whether the executive department failed to credit time already served on a sentence, I might well agree that the pre-trial confinement must be so credited. My position is that the sentencing court cannot do that.

Consequently, while I agree that this case must be reversed and remanded for sentencing, I am clear that the sentencing court cannot impose a minimum term of less than ten years, and the maximum term to be imposed must, in this instance, be at least twelve years, five months, and twenty days. Appropriate credit for pre-trial confinement of one year, four months, and ten days then can be incorporated in the court sentence without the ten year minimum sentence being greater than ninety percent of the maximum sentence. The determination of how much of the sentence has been served would be the prerogative of the executive department.