**David ASCH, Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

**No. 89–225.**

Supreme Court of Wyoming.

Dec. 21, 1989.

David Asch, pro se.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Cheyenne, for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

PER CURIAM.

Appellant, David Asch, seeks review of his motion for credit for jail time which was deemed automatically denied, pursuant to Rule 301, U.R.D.Ct.,[1] after the expiration of sixty days without the district court acting on the motion.

We affirm.

Although no briefs have been filed, it is apparent that the only issue that Asch

could raise here is the district court's denial of his motion which was implicitly made pursuant to Rule 36, W.R.Cr.P. Since the facts of this case warrant it, we dispose of this appeal summarily and without briefing. *McFarlane v. State*, 781 P.2d 931 (Wyo.1989); *Peper v. State*, 776 P.2d 761 (Wyo.1989); *Mower v. State*, 770 P.2d 233 (Wyo.1989).

Asch received concurrent sentences of eight to fifteen years and eight to ten years after he pled guilty to aggravated burglary and concealing stolen property, respectively. Aggravated burglary carries a maximum penalty of twenty-five years, and the maximum penalty for concealing stolen property is ten years. Sections 6–3–301 and 6–3–403, W.S.1977. The record discloses the following dialogue in open court:

> "[PROSECUTING ATTORNEY]: That is correct and amend Count II to strike the habitual criminal part contained in count II, further as to sentencing, Mr. Asch will be sentenced to a term of not less than eight nor more than fifteen on Count II, and a term of not less than eight and no more than ten on Count III to run concurrent.
>
> "[DEFENSE ATTORNEY]: That is without credit for time served."

Asch filed two pro se motions for reduction in sentence, pursuant to Rule 36, W.R. Cr.P., in March and June of 1988. The district court denied the first motion and never acted on the second. On June 22, 1989, Asch filed his motion for credit for jail time. Although Asch did not make a specific request concerning the number of days for which he claimed credit, the record indicates that his presentence confinement would not have exceeded 152 days. This motion was deemed denied sixty days later because the district court took no action on it.

■■■ In most cases in which a reduction in sentence for pre-sentence confinement is sought, two factors are implicated. They are: (1) whether the pre-sentence con-

---

1. Rule 301, U.R.D.Ct., states in pertinent part: "All motions not called up or set for hearing within 60 days after filing will automatically be denied, with 10 days then allowed for pleading."

finement was attributable to the defendant's indigence; and (2) whether the sum of the time spent in custody prior to sentencing, plus the sentence, exceeded the maximum allowable sentence. We have said that these factors should be applied in the disjunctive because different concerns are the focus of each prong of the test. Indigence invokes the constitutional requirements of equal protection; imprisonment in excess of the term set by statute raises jurisdictional concerns. *Lightly v. State*, 739 P.2d 1232 (Wyo.1987). While the record is equivocal with respect to the fact of indigence,[2] we will assume for our purposes that Asch was indigent. The record demonstrates that the sum of Asch's pre-sentence confinement added to the sentence actually imposed did not exceed the maximum term of imprisonment provided by the statute. Consequently, that factor would not be of concern in this case.

Even though we assume that Asch was indigent, the record justifies a conclusion that Asch was given credit for his pre-sentence incarceration. His plea of guilty was entered pursuant to a plea bargain made with the State of Wyoming. The bargain was that, in exchange for his plea of guilty, one of three crimes with which he was charged would not be prosecuted, and the prosecution and the defense agreed to the sentences which were imposed "without credit for time served." The clear agreement between Asch and the State was that he would receive the sentences that were imposed without being afforded any credit for time served or, expressed in another way, the time served was taken into account in the sentences that were identified in the bargain.

■ Because the imposed sentences were agreed to, this case does not invoke the concerns we have expressed in cases where the record is unclear. *Jones v. State*, 771 P.2d 368 (Wyo.1989). The decision to reduce a sentence, pursuant to a motion filed in accordance with W.R.Cr.P.

36, lies in the broad discretion of the trial court, and we will not disturb its decision absent a clear abuse of that discretion. *McFarlane; Mower.*

Affirmed.

---

**2.** Numerous affidavits of indigency were filed in the record, but Asch was represented by private- ly retained counsel at his trial.