**Crafty JONES, a/k/a Charles Boyd Jones, Appellant (Defendant),**

v.

**STATE of Wyoming, Appellee (Plaintiff).**

**No. 89–236.**

Supreme Court of Wyoming.

Oct. 18, 1990.

---

8. W.R.Cr.P. 18(c) (Jencks Act); *Jencks v. United States,* 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957).

Leonard D. Munker, State Public Defender, and Mike Cornia, Appellate Counsel, of the Public Defender Program, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Karen A. Byrne, Sr. Asst. Atty. Gen., and Paul S. Rehurek, Sr. Asst. Atty. Gen., for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY ·and GOLDEN, JJ.

MACY, Justice.

The district court resentenced Appellant Crafty Jones, aka Charles Boyd Jones, to a longer term following our reversal and remand in the case of *Jones v. State*, 771 P.2d 368 (Wyo.1989) (*Jones I*). Appellant challenges the increased sentence and raises two issues:

ISSUE 1

Whether the district court violated this Court's mandate when it increased Appellant's sentence.

ISSUE 2

Whether the district court violated Appellant's constitutional rights by increasing Appellant's sentence.

We reverse the increased sentence on the basis of our opinion in *Jones I*. It is, therefore, unnecessary to address Appellant's constitutional claims.

In *Jones I*, Appellant raised the following issues:

"[A] sentencing judge is constitutionally required to give an indigent defendant full credit against both his minimum and maximum sentences for time served in presentence confinement.

"[T]he district court erred in concluding that it lacked discretion to credit Appellant's minimum sentence with the time spent in presentencing incarceration."

*Id.* at 369. The State, in *Jones I*, responded with the following issue:

"[T]he sentencing court lacked jurisdiction to credit appellant's sentence with time in excess of that actually spent in presentence confinement[.]"

*Id.*

None of the three issues addressed by this Court in *Jones I* challenged the original sentence given to Appellant (ten to eleven years and seven months). Instead, our opinion focused on whether the district court had the discretion (and the scope of that discretion) to credit pretrial time served to the statutorily mandated minimum term of a sentence. In *Jones I*, we held, *inter alia*, that "it [was] firmly within the discretionary sentencing authority of the trial court to credit the mandatory minimum term of an indigent's sentence with presentence time served." *Id.* at 372. We then reversed and remanded for the district court to resentence Appellant in accordance with our opinion.

At the resentencing, the district court, in addition to giving Appellant credit off the minimum sentence for pretrial incarceration, increased Appellant's maximum term of sentence from eleven years and seven months to fifteen years.

We acknowledge that the Court's language in *Jones I* was overly broad and that it could be interpreted as giving the district court the full range of its sentencing authority when it resentenced Appellant. That, however, was not our intent. The dispositive issue on appeal in *Jones I* was whether Appellant was entitled to receive credit for pretrial incarceration; it was not whether the sentence was proper. Thus,

we reinstate the original sentence given to Appellant.

We remand with directions for the district court to give credit for Appellant's pretrial incarceration against the original sentence imposed, taking into consideration *Renfro v. State*, 785 P.2d 491 (Wyo.1990).

Reversed and remanded.

CARDINE, Justice, dissenting.

I dissent. The trial court properly resentenced appellant in accordance with our mandate in *Jones v. State*, 771 P.2d 368 (Wyo.1989) (*Jones I*). A trial court must substantially comply with the mandate on remand. It may not address issues unnecessary to a decision on the mandated issues. *Sanders v. Gregory*, 652 P.2d 25, 26 (Wyo.1982). In this case, the trial court did not go beyond the scope of our mandate.

In *Jones I*, we held that credit was allowable against the maximum sentence and remanded "[i]n order that the trial court may exercise the full range of its sentencing authority * * *." *Jones I*, at 371. The trial court merely complied with the plain language of our opinion and now faces reversal a second time. The majority opinion says we did not mean "full range of its sentencing authority" when we said "full range of its sentencing authority."

I would hold that *Jones I* means exactly what it says, *i.e.*, that the trial court, in resentencing on remand, may exercise its full range of sentencing authority. Our refusal to abide by the language of our written opinion unjustifiably interferes with the trial court's discretion in sentencing. *See Kavanaugh v. State*, 769 P.2d 908, 914–15 (Wyo.1989); *Duffy v. State*, 730 P.2d 754, 757–58 (Wyo.1986); *Kallas v. State*, 704 P.2d 693, 695–96 (Wyo.1985).

Perhaps only a Cassandra will be heard to mourn the neglected rule of *stare decisis*, but it is a sad day indeed when our declarations within the same case are subject to judicial revision. If we are unwilling to take seriously what we write, how can we expect others to take us seriously? At a minimum, we owe this trial judge an apology and an up-front admission that this time we made a mistake—we were wrong, he was right.

I would affirm.